SARAH E. EMSON ET AL., ADMINISTRATORS DE BONIS NON, CUM TESTAMENTO ANNEXO, v. JAMES E. ALLEN.

Submitted July 12, 1898—Decided November 7, 1898.

1. The bar created by a decree made upon proceedings to limit creditors of deceased persons, applies to debts and demands alleged by way of set-off.
2. The remedies given by section 66 of the Orphans' Court act and by the supplement to that act, approved May 9th, 1889, can be enforced at law only after the estate of the decedent has been settled before the Orphans' Court, the Ordinary or the Court of Chancery.

---

On demurrer to rejoinder.

Before Justices Dixon, Ludlow and Collins.

For the plaintiffs, *Isaac W. Carmichael.*

For the defendant, *Aaron E. Johnston.*

The opinion of the court was delivered by

Dixon, J. In an action on contract brought by an executor, the defendant pleaded a set-off to which the plaintiff interposed the statutory bar by a decree of the surrogate made

upon an order to limit creditors. Thereupon the defendant rejoined that at the commencement of the suit the testator's estate was solvent; that all the testator's debts, except that due to the defendant, had been paid ; that on the settlement of the estate there would be a large surplus to be distributed among the devisees under the will, and that the surplus was still in the hands of the executor. On this the plaintiff demurred, and the questions argued by counsel and now to be decided are, first, whether the bar of the decree excludes a set-off, and second, whether the rejoinder is sufficient to avoid the bar.

It is settled in this court that such a decree, if made by the Orphans' Court, precludes actions by creditors against executors and administrators. *Ryan* v. *Flanagan, Administratrix,* 9 *Vroom* 161 ; *Ryder* v. *Wilson's Executor,* 12 *Id.* 9 ; *Young* v. *Young,* 16 *Id.* 197. Such is the express language of the decree itself and of the statute declaring the effect of the decree. The laws now in force put the order and decree of a surrogate on precisely the same footing as those of the Orphans' Court. *Gen. Stat.,* ¶¶ 59, 221, *tit. "Orphans' Court."*

The question, therefore, is reduced to this—is a set-off embraced within the purview of the statutes, which speak only of " *actions* " by the creditors ?

The general statute of limitations, barring actions on simple contract which are not commenced within six years after the cause of action accrues, has always been held applicable to a set-off (*Remington* v. *Stevens,* 2 *Str.* 1271 ; *Nolin* v. *Blackwell,* 2 *Vroom* 170), although the express provision making the entire act applicable to debts alleged by way of set-off is of comparatively recent origin, being introduced into the New Jersey statute with other new enactments by the Revision of 1874. The reason given for this is that the act concerning set-off was intended to apply only to debts and demands for which an action at law could be brought. *Nolin* v. *Blackwell, ubi supra ; Rawley* v. *Rawley,* 1 *Q. B. Div.* 460. This construction is corroborated by section 134 of our Practice act, which expressly enables a plaintiff, by proper plead-

ing, to make any defence to the subject-matter of a set-off, which he would be entitled to make if the defendant had brought an action for the same.

The analogy between the general statute of limitations and the enactments now under consideration is so close with regard to the present question that they should receive the same construction.

The purpose of precluding an action against an executor or administrator by a person who has not exhibited his claim within the time limited points in the same direction. It is to secure the speedy settlement of decedents' estates and to enable the personal representative to determine whether the estate is to be settled as a solvent or insolvent estate, and whether real estate must be resorted to for payment of debts. *Newbold* v. *Fenimore*, 24 *Vroom* 307. If, in a suit brought by the personal representative, he may be confronted with a claim of which he had no notice, and thereupon an affirmative judgment may be rendered against him for any balance found to be due the defendant (as under the statute of set-off is lawful), then, evidently, it will not be possible to accomplish this purpose until every claim in favor of the estate is settled, or abandoned, or prosecuted to final judgment. Such a postponement of the disclosures needed to ascertain the solvency or insolvency of the estate, would thwart the policy of the law.

Our conclusion is that the statutory decree will bar a set-off.

It remains to inquire whether the rejoinder avoids the bar.

The rejoinder appears to be designed to bring the defendant's claim within the act of May 9th, 1889 (*Gen. Stat., p.* 2407), but it manifestly fails to do so through the lack of an averment that the executor had settled the estate, and that, upon such settlement, the surplus remained in his hands. The settlement intended by this act is, undoubtedly, a judicial settlement before the Orphans' Court, the Ordinary or the Court of Chancery. Such was the construction placed in *O'Neil* v. *Freeman*, 16 *Vroom* 208, on section 66 of the

Orphans' Court act, a provision having a similar object but much less explicit on the point now raised than the act of 1889. Save these two provisions there is no warrant for the enforcement of the defendant's claim against the executor by any pleading at all resembling that under review.

The rejoinder is bad, and the plaintiff is entitled to judgment on the demurrer.