### MICHAEL SIMONS ET AL., PARTNERS, &c., v. JESSIE H. FORSTER, EXECUTRIX.

Submitted March 23, 1906—Decided June 11, 1906.

By force of the seventy-first section of the Orphans' Court act the claim of a creditor against the estate of a decedent, which has been presented to the executor for payment before the taking out of a rule to limit creditors—and the validity of which the executor disputes, and so notifies the creditor—is barred by the decree entered upon the rule to limit creditors, unless suit is brought upon it within three months after receiving notice from the executor that it is disputed; and this is so notwithstanding that the rule to limit creditors is not taken out until after suit is brought upon the claim, provided the decree barring creditors is entered while the suit is still pending.

---

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justice HENDRICKSON.

For the plaintiffs, *John H. Backes.*

For the defendant, *C. Franklin Wilson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action on contract brought by the plaintiffs to recover from the defendant, as executrix of Charles Forster, deceased, moneys alleged to have been due and owing to the plaintiffs from Forster at the time of his death. The declaration contains only the common counts. Each of the pleas demurred to sets up as a defence to the action the following facts: That the plaintiffs, after the death of Forster, presented to the defendant, as his executrix, their claim against the decedent's estate, which is the same claim as that now sued upon; that the defendant thereupon gave notice to them, in writing, that their claim and every part thereof was disputed by her as executrix; that the plaintiffs did not commence suit upon their claim within three months from the time when the defendant gave and the plaintiffs received this notice; that after this suit was begun, the surrogate of the county of Union (where Forster resided at the time of his death) made an order requiring the defendant, as executrix, to give public notice to all creditors of Forster's estate to bring in their debts, demands and claims against his estate within nine months from the date of the order; that upon the expiration of the time limited in the order, and upon due proof that the notice required thereby had been given, the surrogate by final decree ordered that all creditors who had not brought in their claims within the time in said order directed should be and thereby were barred from any action against the defendant as executrix.

The ground of demurrer is that the rule to limit creditors and the decree subsequently entered thereon do not deprive the plaintiffs of the right to maintain this action, notwithstanding the fact that it was not begun until more than three months had elapsed after they had received written notice from the defendant that the validity of their claim was disputed, for the reason that the rule to limit creditors was not made until after their suit was begun.

The question thus raised depends for its solution on the proper construction of the seventy-first section of the Or-

phans' Court act. *Pamph. L.* 1898, *p.* 740. That section provides that if any executor or administrator, "to whom any such claim is presented," disputes the same, and gives notice in writing to the creditor that his claim, or any part of it, is disputed, the creditor shall bring suit therefor in three months from the time of giving such notice, and that in any suit not commenced within that time, the decree entered upon the rule limiting creditors shall bar a recovery upon the claim "as if said debt or claim had not been presented within the time so limited by the court." The preceding sections of the act authorize the surrogate to order the executor to give notice, by posting and publication, to creditors of the decedent to bring in their debts, demands and claims against his estate within nine months from the date of such order, and provide that when such order is made and notice given, all claims and demands of the creditors of the deceased shall be presented in writing, and under oath, within the time limited, and that after the expiration of that time the surrogate, upon proof to his satisfaction that due notice thereof has been given, may, by final decree, order that all creditors who have not brought in their claims within the time in said order directed shall be barred· from any action therefor against· the executor.

The theory of counsel for the demurrant is that the words "such claim," contained in the seventy-first section of the act, do not mean any claim presented against the estate of the decedent, but must be construed as referring only to a claim which has been presented to the executor in compliance with the provisions of the rule to limit creditors, *i. e.,* a claim presented between the time of the taking out of the rule and the expiration of the limit fixed thereby, and that, therefore, a claim which has been presented before the rule to limit creditors has been taken out is not barred by the failure of the holder thereof to bring suit upon it within three months after receiving notice from the executor that it is disputed.

The theory of counsel, it seems·to us, contains its own refutation. The statute has a twofold operation. On the one hand it protects the diligent creditor in the enforcement

of his rights; on the other it punishes the dilatory creditor
by disqualifying him from enforcing them against the execu-
tor. The diligent creditor is he who has complied with the
mandate of the surrogate's order with relation to the time of
bringing in his claim, and who has also, when notified that
the claim is disputed, put it in suit within the time specified
in the statute. The dilatory creditor is he who either fails
to comply with the mandate of the surrogate's order with
relation to the time of bringing in his claim, or he who, hav-
ing complied therewith, fails to put it in suit within the time
specified by the statute, when notified by the executor that it
is disputed. If, therefore, the executor cannot compel a
creditor, whose claim he disputes, to sue upon it within three
months after receiving notice of that fact, unless such claim
has been presented after the taking out of the rule, it must
be for the reason that the creditor has not complied with the
mandate of the rule with relation to the period within which
he must bring in his claim in order to prevent it from being
barred by the expiration of the time limit; that is to say, if
the executor can only require those creditors whose claims
are brought in after the rule is entered and before the time
limited thereby has expired to bring suit thereon in three
months, then only those claims which are brought in during
that period are saved from the bar of the decree, and a
creditor who has presented his claim to the executor before
the rule to limit is taken out is barred by the decree entered
upon the rule, unless he has again presented his claim after
the making of the rule and before its expiration. This cer-
tainly is not the legislative intent. The purpose of these
provisions of the statute is to aid the executor in the speedy
settlement of the estate of his decedent, and in determining
whether it is to be settled as a solvent or insolvent estate
(*Emson, Administrator, v. Allen,* 33 *Vroom* 491), and, in
furtherance of that purpose, to provide a means for him to
ascertain promptly the amount of the outstanding debts, the
parties in whose hands they are, the fact that they are at
least *prima facie,* valid obligations against the estate, and,

when in his judgment the liability of the estate to answer a given claim is doubtful, to compel the creditor to have that question promptly determined by a court and jury. A creditor who presents his claim, properly verified, to the executor, before the rule to limit is taken out, has furnished to the executor the information which the statute was intended to elicit, and is entitled to its protection if the validity of his claim is not disputed. If it is disputed, then in order to avoid the penalty of the statute he must bring suit upon it within three months after notice of that fact given to him by the executor.

The fact that the present suit was begun before the rule to limit creditors was taken out does not deprive the defendant of the protection of the bar of the decree afterwards entered upon the rule to limit creditors. The words of the statute are not doubtful: "In any suit not commenced within said time [that is, within three months after the giving of notice that the claim is disputed] said decree shall bar any recovery of the account so disputed as if said debt or claim had not been presented within the time so limited by the court." In the case of *Young* v. *Young's Executors*, 16 *Vroom* 197, the defendants, after taking out a rule to limit creditors, neglected to enter the statutory decree thereon at the expiration of the nine months limited by the rule. The plaintiff, after the expiration of the nine months, and while as yet no decree had been entered, presented her claim to the executors. Subsequently the decree was entered. It was held by this court that although the plaintiff's claim was not barred at the time of its presentation, it nevertheless became barred by the subsequent entry of the decree, the court saying: "The legislature has by explicit and plain expression declared that the decree shall order that all claims which have not been presented within the time limited in the rule shall be barred, and that such decree shall have the effect of barring such unpresented claims, and therefore this court has not the competency to push aside this regulation and to say that claims not so put in shall be suable." The effect of the decree, when

entered, is the same upon disputed claims which are not put in suit within three months after notice that their validity is contested, and upon claims not brought in until after the expiration of the time fixed by the rule to limit creditors. It is an absolute bar to recovery, and that without regard to the situation of the claim at the time of its entry, operating with equal force upon a claim in suit and upon one on which no suit has been brought.

The defendant is entitled to judgment on the demurrer.