HENRY A. NEWBOLD ET AL., TRUSTEES, v. ISAAC FENI-
MORE ET ALS., EXECUTORS.

An action brought against a personal representative upon an obligation
of the deceased, within the period limited by a surrogate's order to
limit creditors, will not be equivalent to or take the place of the
presentation of the plaintiffs' claim on such obligation, in writing and
with the formalities and oath required by the Orphans' Court act.
*Rev.*, p. 764, § 60. If no such claim is presented to the personal
representative within the limited period, and a decree of the Orphans'
Court is duly made barring creditors who have not presented claims,
he may plead such decree in bar of the action.

The action was brought on a promissory note made by
defendants' testator to the order of plaintiffs, as trustees for
Mary F. and Thomas Newbold.

One of defendants' pleas set up a surrogate's order, requir-
ing creditors of testator to exhibit claims under oath, &c.,
within a limited period, and proceedings thereon resulting in
a decree of the Orphans' Court barring all creditors who had
not thus exhibited their claims, made June 11th, 1890 (which
was after the commencement of the suit), and averred that
plaintiffs had not exhibited the claim sued upon within the
time limited.

Plaintiffs demurred to this plea.

Argued at November Term, 1890, before MAGIE, J.

For the plaintiffs, *Alfred L. Black.*

For the defendants, *Mark R. Sooy.*

The opinion of the court was delivered by

MAGIE, J. In support of the demurrer, it is first con-
tended, that the decree set up in the plea is no defence to
plaintiffs' action, because, while it is admitted that no claim
was exhibited by them to the executors (defendants) within

the time limited in the surrogate's order, yet the record shows that their action was brought before the expiration of that time.

No question is raised as to the mode in which the decree, made after the commencement of the action, has been pleaded.

The point presented by this contention must be determined by a construction of the sections of the Orphans' Court act which provide for such a decree. *Rev., p.* 764, § 59 *et seq.*

The language of these sections, literally taken, lends no countenance to the contention of demurrant.

By section 59 authority is conferred to order a public notice to creditors of any deceased person to bring in their claims under oath to the executor or administrator.

By section 60 it is enacted that upon such an order the claims of creditors shall be presented in writing, specifying the amount claimed and the particulars of the claim, and shall be verified under oath, or "the bringing in of the same shall be of no effect."

By section 61 the proceedings are made to apply to unmatured claims and debts payable in the future.

By section 62 authority is given to the Orphans' Court to decree that all creditors who have not brought in their claims shall be barred from any action thereon against the executor or administrator, except under the circumstances and to the extent set out in the proviso to that section.

The bar against claims not "brought in" evidently refers to claims not presented in writing, with the formalities and under the oath required by section 60 to make the "bringing in" of a claim effectual.

The commencement of this action, and even the filing of this declaration, was not a claim in writing, verified by oath and presented to the executors, and so it comes within the bar of the decree as a claim not "brought in."

Nor do I find anything in the spirit and intent of these sections to justify a broader construction, if such construction were possible.

Such enactments have not the same purpose as general statutes of limitation, but are rather designed to facilitate a speedy distribution of the estate of a deceased among his vigilant creditors and the protection of the personal representative in making such distribution. *Schoul. Ex. & Adm.,* § 418 *et seq.*

So, by our statute, the neglect of the creditor operates to the relief of the executor or administrator only in respect to assets in due course of administration. As to assets not inventoried, and legacies and distributive shares not paid out or attached, the decree will afford no bar to an action after a settlement of the estate. §§ 62, 66; *O'Neill* v. *Freeman,* 16 *Vroom* 208.

The presentation of claims of creditors within the limited time is, moreover, important to enable the personal representative to determine whether the estate is to be settled as a solvent or insolvent estate, or whether real estate must be resorted to for payment of debts. Upon the construction contended for, such determinations could not be made until after final judgment in every suit brought during the time limited in the rule to bar creditors.

The precise point presented has not been passed on in this court.

In *Lewis* v. *Champion,* 13 *Stew. Eq.* 59, Chancellor Runyon recognized the distinction between this statute and the ordinary statute of limitation, and held that an executor's admission of a creditor's claim, and his promise to pay when there was enough on hand, would neither excuse the creditor's neglect to bring in his claim nor estop the executor from setting up the bar of the decree.

In *Mutual Benefit Life Insurance Co.* v. *Howell,* 5 *Stew. Eq.* 146, the identical contention now made was passed on by the same Chancellor, and he held that the filing of a bill for foreclosure containing a prayer for a decree for deficiency against an administrator, on an obligation of his intestate, was not equivalent to the presentation of the claim so as to obviate the bar of the statute.

For the reasons given, I conclude that demurrant cannot succeed on this ground.

It is further contended, that the plea is unavailable as a defence to the note in suit, because the record shows that one of the payees named therein, and one of the plaintiffs, is also an executrix of the maker of the note and one of the defendants, and the insistment is, that the provisions regulating the bringing in of claims of creditors do not apply to the case where the creditor is also a personal representative of the deceased debtor.

It is obvious that this contention can only be considered in case the fact on which it rests appears.

The declaration shows that Mary D. Fenimore, one of the payees named in the note, is one of the plaintiffs in this action against Isaac Fenimore and Mary D. Fenimore and others, executors of Allan Fenimore, deceased. The plea is filed by all the defendants.

Identity of name will afford an inference of identity of person, unless the circumstances rebut that inference or make it doubtful. 2 *Tayl. Ev.*, § 1860; *Sewell* v. *Evans and Rodeno Ry.*, &c., 4 *Q. B.* 626; *Hamber* v. *Roberts*, 7 *C. B.* 861; *Whitelock* v. *Musgrove*, 1 *Cromp. & M.* 511; *Greenshield* v. *Crawford*, 9 *Mees. & W.* 314; *Jones* v. *Jones, Id.* 75.

But it is equally obvious that, if the inference that these parties are the same person be drawn, the plaintiffs must fail, for in that case their declaration discloses a substantial defect, for it thus appears that the action is brought in violation of the rule that one person cannot be both plaintiff and defendant. *Dic. Part.* 79; *Ludlow* v. *Ludlow*, 1 *South.* 189.

For this reason, I think it unnecessary to consider this point raised in support of the demurrer.

The demurrer must therefore be overruled.