ANNIE F. CUNNINGHAM v. HELEN K. STANFORD,
EXECUTRIX.

Argued November 12, 1902—Decided February 24, 1903.

1. A decree of the Orphans' Court to bar creditors, founded on a rule
   limiting the time for creditors to present claims, under section 70
   of the Orphans' Court act (*Pamph. L.* 1898, *p.* 741), will be
   enforced against creditors, notwithstanding that the executor has
   personal assets of the testator in his hands.
2. The provisions of section 75 of the Orphans' Court act (*Pamph.
   L.* 1898, *p.* 741) do not operate in any way to limit the effect
   given to such a decree by section 70 of the act.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL,
FORT and PITNEY.

For the plaintiff, *Albert C. Wall.*

For the defendant, *R. Wayne Parker* and *Cortlandt Parker.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  This action is brought to re-
cover upon a certain promissory note endorsed by the de-
fendant's testator.  To the declaration filed in the cause the
defendant pleaded, among other things, the making, by the
Orphans Court, of a decree barring all creditors who had
not presented their claims to the executrix within the time
limited by the decree from having an action against her on
account of such claims, and alleging that the plaintiff was
barred by that decree.  To this plea the plaintiff replied that
there was personal property and estate of the defendant's
testator in her hands to the value of $15,000, and that the
said plaintiff brings her action for and in respect to the
same; and that, in accordance with the statute in such case

made and provided, said plaintiff ought not, by reason of anything in said plea alleged, to be barred and prevented from maintaining her action against the said defendant.

The replication contains no answer to the plea. It apparently is intended to be based on section 75 of the Orphans' Court act, which reads as follows: "Nothing herein contained shall prevent or bar any person from bringing and maintaining any action against an executor or administrator for or in respect of the personal estate of his testator or intestate, or for or in respect of any waste or misapplication thereof by said executor or administrator." It is not necessary, in disposing of this demurrer, to stop to explain the conditions under which the provisions of this section may be invoked against an executor or administrator. It is enough to say that they do not operate to limit in any way the effect given by section 70 of the act to a decree barring creditors. To give it the construction contended for by the plaintiff would be to make the decree to bar creditors a nullity whenever the executor or administrator of the deceased had assets in his hands with which to pay creditors, and leave it in force only when the personal representative of the deceased was absolutely without assets.

That a decree to bar creditors will be enforced against creditors, notwithstanding that the executor has personal assets of his testator in his hands, has been frequently decided by this court. *Ryder* v. *Wilson's Executors,* 12 *Vroom* 9; *Young* v. *Young,* 16 *Id.* 197; *O'Neil* v. *Freeman, Id.* 208; *Cunningham* v. *Stanford,* 39 *Id.* 7.

The defendant is entitled to judgment on the demurrer.