THE HOME BREWING COMPANY

*v.*

REGINA MAHLER, executrix, &c.

[Submitted November 23d, 1920. Decided December 9th, 1920.]

1. While under the Orphans Court act a creditor of a decedent's estate who does not present his claim within the time limited may not recover at law against the executor or administrator, he is preferred to legatees and distributees, and is entitled to be paid if assets remain after the statutory settlement, and, therefore, under section 75, may maintain a bill against the executrix for discovery and accounting.

2. The remedy given a creditor under section 72 of the Orphans Court act is available only where the estate has been judicially settled.

3. The right of a creditor under the Heirs and Devisees act is an independent and additional remedy to his right to maintain a bill for discovery and accounting against the executor.

4. The right of a creditor, who has not filed his claim within the time limited ·to an accounting, is not confined to the orphans court, but the court of chancery has jurisdiction over all trust estates and will exercise it on a proper occasion.

On motion to dismiss bill.

*Mr. Samuel Koestler,* for the motion.

*Mr. Thomas Brown, contra.*

BACKES, V. C.

This motion is to strike out the bill for want of equity.

The complaint contains allegations that are impertinent and prayers that are vain, which tend to confuse, but stripped of extraneous matter, the bill is for a discovery and an accounting of the assets of a decedent's estate, which the executrix is called upon to make.

The pertinent facts and the admissible prayers are these: Reuben Mahler, at the time of his death, was indebted to the complainant in the sum of $15,343.81. By his will, admitted to probate by the surrogate of Middlesex county November 14th, 1918, he gave his estate, real and personal, to his widow, and nominated her executrix, and she qualified. On January 2d, 1919, the orphans court made an order limiting creditors, which was made absolute October 3d following. After that the complainant presented its duly-verified claim to the executrix, and, upon her refusal to pay, commenced an action in the supreme court, and was there met by a plea setting up the rules limiting and barring creditors. The decedent left real and personal property to the value of $150,000. No steps have been taken to settle the estate in the orphans court. The bill prays that the executrix account and pay the complainant's debt.

The contention is, in support of the motion, that the complainant, having failed to file its claim within the time limited,

has lost its right to an accounting, and that its only redress is by proceedings in the orphans court under section 72 of the Orphans Court act (*Comp. Stat. p. 3833*), or by a suit against the defendant as devisee, under the statute. *Comp. Stat. p. 2739; Stone v. Todd, 49 N. J. Law 274.* This is not sound.

The argument rests on an entire misconception of the office of the rule of the orphans court barring creditors. The rule is purely administrative, and its legal effect is to bar belated creditors from recovering at law against the executor or administrator, as well as to bar them from participating in the orderly statutory settlement of the estate. *Ryder v. Wilson's Executors, 41 N. J. Law 9; Young v. Young, 45 N. J. Law 197; O'Neil v. Freeman, Ibid. 208; Cunningham v. Stanford's Executors, 69 N. J. Law 9.* But the rule does not discharge the debt, nor does it release the assets from liability, nor the executor from accounting therefor. The law prefers creditors to legatees and distributees. It is axiomatic that justice precedes generosity and that debts must be paid before gifts. The regulations for the speedy settlement of estates prescribed by the Orphans Court act in nowise modify this cardinal rule of equity. These regulations are intended to promote the rights of creditors and not to furnish a vehicle by which an executor may escape with the assets. Creditors in laches are entitled to be paid if there are assets remaining after the statutory settlement, and, consequently, are entitled to an accounting and have determined whether any surplus remains. Sections 67 to 74, inclusive, of the Orphans Court act (*Comp. Stat. p. 3833 et seq.*) provide the machinery for the bar, but the right to an accounting is expressly reserved by section 75, which reads as follows:

"Nothing herein contained shall prevent or bar any person from bringing and maintaining any action against an executor or administrator *for or in respect of the personal estate of his testator or intestate,* or for or in respect of any waste or misappropriation thereof by any such executor or administrator."

That the remedy of a barred creditor is by proceeding in the nature of an accounting in the orphans court was pointed out by Chief-Justice Beasley in *Ryder v. Wilson's Executors, supra.* In *Dodson v. Sevars, 52 N. J. Eq. 611,* Chancellor McGill sustained

the bill as one for an accounting by an executrix, where the creditor had been barred in the orphans court; and although the court of errors and appeals (*53 N. J. Eq. 347*) vigorously criticised the frame and prayer of the bill the intimation is clear that had it been one for an accounting it would have had virtue. If the accounting is had in chancery the assets will be applied as they would be in the orphans court. *Coddington* v. *Bispham, 36 N. J. Eq. 224, 574.*

The remedy under section 72 of the Orphans Court act is not available to the complainant because the estate has not been judicially settled. *Emson* v. *Allen, 62 N. J. Law 491.*

The complainant's right of action against the defendant as devisee, under the Heirs and Devisees act, *supra,* is an independent and additional remedy to its right to pursue the personal estate of the decedent and to have it applied in payment of its debt.

The complainant's right to an accounting is not confined to the orphans court. Chancery's jurisdiction over trust estates is inherent. Over estates of decedents the orphans court has concurrent jurisdiction by statute. While concurrent, its exercise is, nevertheless, subordinate. Chancery yields, or rather refrains, from exercising its jurisdiction over decedent's estates, always, when the administration in the orphans court is routine and without complication. In complications, or whenever the ends of justice demand, and whether the orphans court has assumed jurisdiction or not, chancery may, and does, interpose. *Salter* v. *Williamson, 2 N. J. Eq. 430; Clarke* v. *Johnston, 10 N. J. Eq. 287; Frey* v. *Demarest, 16 N. J. Eq. 236; Dorsheimer* v. *Rorback, 23 N. J. Eq. 46; Coddington* v. *Bispham, supra; Field* v. *Field, 61 N. J. Eq. 154.*

The case made by the bill discloses the propriety of appealing to this court. The executrix has filed no inventory, and, consequently, the complainant is without knowledge of the extent and value of the personal estate, which, it is alleged, the defendant has applied to her own use. The failure to file the inventory, I presume, is excused or justified by section 120 of the Orphans Court act (*Comp. Stat. p. 3855*), which makes it unnecessary to file an inventory where the executor is sole legatee.

The complainant is entitled to a full and complete discovery of the assets and to have them disclosed by the defendant's answer. Of this it is not to be deprived, simply because the same result might be reached through the channels of the orphans court.

I find no valid objection to the relief sought, and the motion to dismiss the bill will be denied.