ATLANTIC COUNTY CIRCUIT COURT.

ISAAC L. CRANMER, PLAINTIFF, v. CLARENCE L. COLE, SR., EXECUTOR OF THE ESTATE OF THOMAS S. CRANE, DECEASED, DEFENDANT.

Decided June 19, 1933.

For the motion, *William M. Clevenger*.

*Contra, Cole & Cole.*

JAYNE, C. C. J.  A brief chronological narrative of the events pertinent to the determination of this motion will disclose the factual situation out of which the debated questions of law arise.  On August 1st, 1911, the testator, Thomas S. Crane, executed and delivered to the plaintiff a bond and mortgage to secure the payment of the sum of $3,500 three years from date of this instrument.  Thomas S. Crane died on November 4th, 1930, leaving a last will and testament in which he nominated the defendant as executor and trustee. The will was duly admitted to probate by the surrogate of the county of Atlantic, and the defendant duly qualified as executor and thereupon assumed the administration of the estate of the deceased.  The amount due upon this bond and mort-

gage remained unpaid at the death of the testator. On November 22d, 1930, the usual order to limit creditors was made by the surrogate of the county of Atlantic and on May 2d, 1931, a decree, barring creditors of the deceased was duly entered. The plaintiff failed and neglected to present to the executor within the time limited for the presentation of claims and demands against the estate, any duly verified claim and demand for the amount due upon the testator's bond.

On June 28th, 1932, the plaintiff instituted a suit in Chancery to foreclose the mortgage, resulting in the entry of a final decree in this cause on September 6th, 1932, and the ultimate sale of the mortgaged premises for the sum of $100 on November 3d, 1932. Applying the proceeds of the sale, less the necessary deductions, to the amount due upon the bond, there was found to be a deficiency of $3,890.53. On September 14th, 1932, a decree was entered by the Orphans Court of the county of Atlantic declaring the testator's estate insolvent. After the sale of the mortgaged premises pursuant to the foreclosure decree and the determination of the deficiency on the bond, the plaintiff presented to the defendant executor a claim against the estate for such deficiency, and on February 27th, 1933, the defendant as executor notified the plaintiff that his claim was disputed, whereupon on April 7th, 1933, this action was instituted by the plaintiff. The complaint filed in this action in behalf of the plaintiff alleges all of the foregoing facts with the additional averments that the defendant, after the death of the testator, promised to pay the principal and interest due upon the bond and mortgage, and that after the death of the testator, the defendant paid to the plaintiff interest upon the bond and morgage up to and including February 11th, 1932, and thereafter informed the plaintiff that there were insufficient funds in his hands with which to pay the amount due upon the bond and mortgage and that the plaintiff should accordingly foreclose the mortgage.

To this complaint the defendant has filed an answer in which all the allegations of the complaint are admitted save those relating to the alleged promise of the defendant to pay the amount due upon the bond and mortgage and to his

alleged instruction to the plaintiff to foreclose the mortgage, which latter allegations of the complaint are denied by the defendant. Additionally, the answer contains the averment that the debt for which the plaintiff sues accrued long prior to the death of the testator; was due and payable at the time of the testator's death; that the plaintiff failed and neglected to present to the executor any claim or demand against the estate for such debt, and that the plaintiff is barred in the prosecution of this action by the decree barring creditors of the estate of May 2d, 1931.

The present motion in behalf of the plaintiff is to strike out the answer of the defendant as frivolous.

Primarily, it is contended in behalf of the plaintiff that the decree barring creditors in the circumstances of this case is not effectual against the claim of the plaintiff because his claim came into existence after the decree was entered. It is contended that the plaintiff was not a creditor of the estate at the time the proceedings to bar creditors were taken. His argument is predicated upon the assumption that the plaintiff had no claim against the testator's estate until the existence of a deficiency on the bond had been established and that such deficiency was not definitely ascertained until after the sale of the mortgaged premises in the foreclosure suit. To fortify this contention, counsel for the plaintiff cites the following authorities: *Terhune* v. *White,* 34 *N. J. Eq.* 98; *Field* v. *Thistle,* 58 *Id.* 339; 43 *Atl. Rep.* 1072; *Wakeman* v. *Paulmier, Ex'r,* 39 *N. J. L.* 340.

The cases so cited are not in point. They may be regarded as authority for the proposition that a decree barring creditors does not extend to persons whose claims were not in existence, or, at most, were merely contingent at the time the proceedings to bar creditors were in progress and resulted in a decree. An examination of the opinions in the two cases first cited will disclose that in each case, the testator had acquired in his lifetime by purchase the real estate subject to a pre-existing mortgage which, by the terms of the conveyance to him, he assumed and agreed to pay. In such a situation, it is held that before the foreclosure of the mortgage, the claim against the estate of the decedent, based upon his assumption of the

mortgage, is contingent, and consequently cannot be proved as a debt against the testator's estate until the mortgage is foreclosed and a deficiency on the bond occurs. In the case last cited, the court was concerned with the recovery of money loaned by a creditor to the executor. In the case *sub judice,* the testator was the obligor who executed and delivered the bond to the plaintiff. Where the decedent was the obligor of the bond which he executed and delivered in his lifetime, together with an accompanying mortgage, the owner of the bond and mortgage, after the death of the obligor, may file a claim for the amount due upon the bond with the representative of the decedent's estate before the foreclosure of the mortgage. *Smith* v. *Crater,* 43 *N. J. Eq.* 636; *Weatherby* v. *Sparks,* 43 *Atl. Rep.* 683; *Voorhees Case,* 57 *N. J. Eq.* 291; *Smith* v. *Smith,* 79 *Id.* 310. The holder of such a bond and mortgage of the decedent is a creditor who, at least, has a claim and demand against the decedent's estate comprehended by the pertinent provision of the Orphans Court act. 3 *Comp. Stat., p.* 3834.

The contention of counsel for the plaintiff upon this motion is further expanded to embrace the argument that even though it is concluded that the plaintiff should have presented his claim to the defendant, and notwithstanding the fact that the rule to limit creditors was made absolute, yet the decree barring creditors should not be an effectual barrier against the plaintiff's right to recover in this action because of the conduct of the defendant as executor in paying interest which had accrued upon this obligation of the decedent. Counsel therefore in this court seeks to invoke the doctrine of estoppel to restrain the plaintiff in the circumstances from availing himself of the failure of the plaintiff to file his claim. There is no suggestion in the affidavits of any intentional deception practiced upon the plaintiff by the defendant. At most, it is represented that the action of the defendant as executor and trustee in making the payment of interest so soothed and tranquilized the plaintiff as to cause him to be and remain somnolent and unconscious of his duty to file his claim. In *Lewis* v. *Champion,* 40 *N. J. Eq.* 59, it will be observed that proof of statements made by executors to a creditor that his

claim was all right and that they would pay it as soon as they had sufficient available money on hand, failed to constitute adequate justification for a court of conscience to excuse the neglect of the creditor to file his claim.

Additionally, it is urged in behalf of the plaintiff that the defendant, by notifying the plaintiff that his belated claim was disputed, has waived his right to assert the decree barring creditors as a defense. As was said by the then Mr. Justice Magie in *Everitt* v. *Williams,* 45 *N. J. L.* 140, "I cannot perceive how a notice that a claim is disputed and will be contested can be deemed a waiver of the very ground of dispute and contest."

Moreover, it is intimated that the plaintiff has a right in this action to obtain a lien against the lands of the deceased. A creditor, by obtaining a judgment against the executor, acquires no lien upon the real estate of which the testator died seized. 3 *Comp. Stat., p.* 2995.

The conclusion is that the answer cannot be said to be legally insufficient, and accordingly the motion to strike out the answer as frivolous is denied.