EDYTHE MILLER, OR IN THE ALTERNATIVE EDYTHE
MILLER, ADMINISTRATRIX OF FREDERICK MILLER,
DECEASED, PLAINTIFF-RESPONDENT, v. LINTON S.
MARSHALL, EXECUTOR OF JOHN SEIPEL, DECEASED,
DEFENDANT-APPELLANT.

Submitted May 25, 1934—Decided September 27, 1934.

For the plaintiff-respondent, *James J. McGoogan.*

For the defendant-appellant, *Aaron V. Dawes.*

The opinion of the court was delivered by

CASE, J.  Edythe Miller, wife of Frederick Miller, is the
daughter of John Seipel, who died April 25th, 1928, and
of whose last will and testament Linton S. Marshall is the
duly qualified executor.  On May 21st, 1928, Mrs. Miller

filed with the executor a proof of claim setting forth an indebtedness of $1,300 said to be due to her for board and lodging furnished by her to her father between April 3d, 1925, and February 12th, 1928, during the latter's lifetime. On March 29th, 1929, the executor notified Mrs. Miller that her claim was disallowed and that payment thereof was refused. Thereupon, on or about April 8th, 1929, Mrs. Miller began the present action. On March 18th, 1932, the cause came on for trial before the judge, sitting without a jury, in the Mercer Circuit. At the close of the trial several motions were pending, among them one on behalf of the defendant that the plaintiff be nonsuited because her husband, who died March 24th, 1928, was, as appeared without contradiction, living, and the head of the household where the services were rendered, throughout the entire period covered by the claim, and that there was, therefore, no suable obligation owing to Mrs. Miller. The court took the case, including the pending motion, under advisement. Subsequent steps in the proceeding chronologically stated are as follows: On April 1st, 1932, Mrs. Miller was appointed as administratrix of the estate of her husband, Frederick Miller. On July 15th, 1932, a rule of court was made on the application of the plaintiff, apparently as an *ex parte* matter, giving leave for the complaint to be amended to permit the plaintiff to recover either in her own name or, in the alternative, in the name of Edythe Miller, administratrix of Frederick Miller, deceased; this being occasioned seemingly by Supreme Court rule 21 (c), which provides that "claims by or against any executor or administrator, as such, must not (without leave of court) be joined with claims by or against him personally, unless the latter claims arose with reference to the estate of his testator or intestate." On July 20th, 1932, an amended complaint was accordingly filed retaining Mrs. Miller's personal claim as count 1, and by counts 2 and 3 setting up an alternative claim by Mrs. Miller as administratrix, the administratrix pleading that she had presented her claim and that the claim had been disallowed. On July 20th, 1932, the defendant answered the amended complaint and denied that the admin-

istratrix had filed a claim; whereupon on July 29th, 1932, the administratrix delivered to the executor a claim, designated "amended proof of claim of Edythe Miller, as administratrix of Frederick Miller, deceased," setting up the debt as owing to her husband's estate. The answer to the amended complaint also stated the conceded fact that on May 9th, 1928, the surrogate of the county of Mercer ordered the statutory publication of notice requiring creditors to file their claims within six months thereafter, and pursuant thereto, on November 10th, 1928, further decreed that all creditors of the estate who had not brought in their claims within the time limited in the earlier order were barred from any action against the executor. Upon that allegation of fact and the further charge that the administratrix had not within the prescribed time brought in her debt, the defendant set up the defense that the estate of Frederick Miller was barred from any action against him upon its alleged claim. A deficient record leaves us uninformed as to what next occurred after the completion of the amended pleadings; but we gather from an opinion filed by the trial judge there was a procedure equivalent to the calling of a jury, the withdrawal of a juror, and the declaring of a mistrial, followed by a stipulation between the parties that the matter be determined by the court on the facts theretofore presented. A *postea* was filed August 24th, 1932, wherein the court found for the plaintiff, Edythe Miller, administratrix of Frederick Miller, deceased, in the sum of $1,725.75, with costs, the award being for the $1,300 claim plus interest. Judgment was entered November 22d, 1933. Defendant appeals.

The various steps in the cause and their chronology have been stated in detail because the disposition is largely dependent thereon.

Appellant's first point is that the second proof of claim, designated an amended claim, is without statutory authority. The statutory directions as to rules limiting creditors, presentation of claims and barring of suits are to be found in section 67 (amended *P. L.* 1927, *ch.* 192), of the Orphans Court act and the sections immediately following. 3 *Comp. Stat., pp.*

3833 *et seq.* By section 70 it is provided that upon the making of the final decree (viz., in the instant case the decree of November 10th, 1928, *supra*), "any creditor who shall have neglected to bring in his debt, demand or claim within the time so ¹imited, shall, by such decree,. be forever barred of his or her action therefor against such executor or administrator," except that after final settlement relief may be had under certain circumstances. The exception does not concern us because there has been no final settlement of the account of the executor. That such a decree bars creditors of their right of action against an executor or administrator on all claims that might have been presented within the time limit, and were not, is settled. *Ryan* v. *Flanagan, Administratrix,* 38 *N. J. L.* 161; *Ray Estate Corp.* v. *Steelman,* 90 *Id.* 184; *Hackensack Trust Co.* v. *Van Den Berg,* 92 *Id.* 412.

Although the proof of claim filed by the administratrix is entitled as we have stated, it is clear that it is not, and was not intended to be, a substitution. It was intended to be that which had not theretofore been accomplished or even attempted, namely, a submitting of proof of claim by the estate of Frederick Miller. The question before us is not whether Mrs. Miller individually might file an amended proof to correct some imperfection or inaccuracy in her original claim. We have to deal with a new claimant, a proponent of a claim that was not in substitution of, but was an alternative existing along with, a claim already filed.

We pass over the significant circumstance that the proof of claim upon which the plaintiff administratrix relies had not in fact been served at the time the complaint thereon was filed and go to the more fundamental question of whether the statutory procedure essential to a recovery has been complied with. The provisions of the Orphans Court act regarding the proof and barring of claims are not a part of the Practice act and do not directly benefit by the more liberal practice regarding the amendment of pleadings. The trend of our cases permitting pleadings to be amended to bring in and to substitute parties turns upon the pertinent statutory provisions. Section 126 of the Practice act of 1903 (3 *Comp.*

*Stat., p.* 4091); sections 8, 9 and 23 of the Practice act of 1912. 2 *Cum. Supp. Comp. Stat., pp.* 2814 *et seq.*; *Wilson* v. *Dairymen's League, &c., Inc.,* 105 *N. J. L.* 188; *Norko* v. *Rau,* 107 *Id.* 479. The crux of the dispute is not, essentially, the amendment to a pleading. It is, if we accept the idea that the paper may with propriety be called an amendment, an amendment of something that constitutes a condition precedent to any effective pleading. That *status* is definitely fixed by a statute to which the last cited statutes on amendments are not, either in text or in subject-matter expressly or by implication, related; and the statute fixing the *status* is bulwarked by clear and forcible court determinations. If we treat the paper for what in the light of the whole case we consider it to be, namely, an original instrument, its position of independence from the Practice act becomes the more pronounced. We do not construe the cited provisions of the Practice act as intended by the legislature to apply to, limit or modify the precise legislative direction contained in the Orphans Court act and thoroughly developed in a series of court decisions. We conclude that the proof of claim filed by the administratrix on July 29th, 1932, was, in so far as it could be effective to form the basis of an action by the administratrix, an original claim and as such was barred by the surrogate's final decree.

The procedure taken by the plaintiff in the effort to amend the complaint emphasizes the distinction that we have drawn. In 1928 the legislature passed a statute (*P. L.* 1928, *ch.* 241—approved April 3d, 1928, a date subsequent to the completion of the services sued upon), providing that the wages and earnings of any married woman acquired or gained by her after the passing of the act should be her sole and separate property as though she were a single woman and that all work and labor performed by a married woman for third persons should, unless there be an agreement on her part to the contrary, be deemed to be performed on her separate account. Until then the right of action for the recovery of moneys earned by a married woman in and about her husband's household lay with the husband. *Kleinert* v.

*Hutchinson,* 98 *N. J. L.* 831. The respondent does not now contest the correctness of that legal proposition. But we cannot assume that the bringing of the action by Mrs. Miller in her own right was an inadvertence and that upon the state of the law being called to her attention she undertook to substitute the claim as administratrix in the stead of her personal claim because the object sought and attained by the filing of the amended complaint was not to substitute the claim of the estate for the claim of the individual but to set up a claim by the estate co-existent with the claim by the individual, leaving it to the court to determine which, if either, was entitled to prevail. We are, by force of that circumstance, brought to the conclusion that it was Mrs. Miller's belief and that of her attorney that she had individually a cause of action which she insisted upon pursuing and that it was merely as a cover against the possibility of a differing opinion by the court that she set up the action on behalf of the estate. That, we believe, is not the practice heretofore approved in any of our cases relating to the amendment of pleadings and the addition or substitution of parties. We have a number of decisions, chiefly in death actions (*Wilson* v. *Dairymen's League, &c., Inc., supra; Norko* v. *Rau, supra*), sustaining substitution of parties plaintiff where the cause of action remains the same and the party plaintiff was inadvertently misnamed even though at the time of the amendment the statute of limitations had run against the instituting of a new action. But our attention is called to no determination in the higher courts of this state wherein, the right to sue having become lost, an amendment to the pleadings had been allowed permitting a new plaintiff to be added and the existing plaintiff to be retained. Our decision, however, is upon the filing of proof of claim under the Orphans Court act and not upon a matter of pleading. Inasmuch as the statutory claim had not been filed, the administratrix had no right of action against the defendant executor. By reason of this conclusion appellant's remaining points need not be considered.

The judgment below will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BÚSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.