Atlantic County Circuit Court.

PHILADELPHIA SAVING FUND SOCIETY, PLAINTIFF, v. FRANK DISSTON AND LIBERTY TITLE AND TRUST COMPANY OF PHILADELPHIA, PENNSYLVANIA, EXECUTORS OF THE ESTATE OF GEORGE K. BREINTNALL, DECEASED, DEFENDANTS.

Decided December 12, 1937.

For the plaintiff, *Thompson & Hanstein (John Lloyd)*.

For the defendants, *Glenn & Glenn*.

*Amici curiæ, Cole & Cole.*

JAYNE, C. C. J. This action was instituted to establish a debt alleged to have been due and owing to the plaintiff by one George K. Breintnall, now deceased.

Some precursory narrative of the material facts alleged in the complaint and substantiated by affidavit is necessary to exhibit the controversial issues to be considered and deter-

mined. Concisely stated, the complaint and supporting affidavit disclose that on June 10th, 1911, the plaintiff loaned to George K. Breintnall the sum of $250,000. The loan was evidenced by the bond of George K. Breintnall and secured by a concomitant mortgage covering premises designated as Nos. 1228-32 Arch street, in the city of Philadelphia. The loan according to the terms of the bond and mortgage became payable five years from the date thereof with interest at the rate of four and one-half per centum, per annum. On June 10th, 1920, by virtue of an agreement between the parties, the rate of interest thereafter to be paid on the principal was increased to six per centum per annum. On August 31st, 1927, Breintnall died. At the time of his death he was a resident of Atlantic City and his last will and testament with the codicils thereto were duly admitted to probate by the surrogate of Atlantic county and the defendants, who were nominated as executors, duly qualified as such and thereupon undertook the administration of the testator's estate. The interest accruing on the loan during the lifetime of the testator was paid and the defendants continued to pay interest on the loan at fixed rates until December 10th, 1935. On September 14th, 1927, the defendants, as executors, procured from the surrogate the usual order to limit creditors and on March 14th, 1928, a decree barring creditors was granted.

Furthermore, it is alleged in the complaint and here conceded, that the defendants on August 1st, 1929, filed with the surrogate an intermediate account which was duly allowed by the Orphans Court on September 11th, 1929. Again on April 25th, 1933, the defendants presented another intermediate account which was likewise allowed on June 21st, 1933. It is alleged and asserted by affidavit that the former account disclosed that all debts and demands against the estate presented to the executors in conformity with the notice to creditors had been paid and that the executors then retained a surplus of $828,742.96 for distribution and that the last mentioned account revealed a surplus of $318,510.09 for distribution. It is declared that the executors now retain

a surplus for distribution. The plaintiff failed to present its claim to the executors within the time designated by the order to limit creditors but on January 24th, 1936, the plaintiff presented and filed with the defendants a verified statement of its claim for the principal sum of $258,241.82 with the amount of unpaid interest. On February 17th, 1936, the defendants served upon the attorneys of the plaintiff a notice that the claim was disputed and that the plaintiff should proceed forthwith to establish its claim. The affidavit at hand reports the amount of the indebtedness remaining due and unpaid.

Upon the institution of this action an answer was filed in which the defendants admitted, *in totidem verbis,* the alleged loan, the execution and delivery by the decedent of the bond and mortgage, the probate of the will, their own qualification as executors, the orders to limit and bar creditors, the filing of the accounts and the allowance thereof by the Orphans Court, the retention by them of a surplus for distribution, the presentation of the plaintiff's claim and the service of the notice upon the plaintiff to establish its claim. The defendants in the answer vaguely denied that any sum is due and owing to the plaintiff. The answer then embraces fifteen separate and so-called affirmative defenses.

A motion for a rule striking out the answer and granting summary judgment in favor of the plaintiff was made. A motion to amend the answer and a motion to strike the complaint, notwithstanding the filing of the answer thereto, have since been evolved in the order here mentioned.

At the argument of the motion to strike the answer, counsel for the defendants expressed willingness to abandon the third, fourth, fifth, sixth, seventh, tenth, eleventh, thirteenth, fourteenth and fifteenth separate defenses. They will therefore be stricken from the answer.

In resisting the motion to strike the answer, an affidavit of the trust officer of the corporate executor was submitted. This affidavit reveals that the plaintiff failed and neglected to file a verified claim for the indebtedness due on its bond within the time prescribed by the rule to limit creditors.

This affidavit also discloses that on December 27th, 1935, the defendants sold the real estate covered by the mortgage, subject to all existing liens thereon. Significantly, this affidavit relates that all of the general and specific legacies bequeathed by the testator in his will have been paid and that the executors now have assets of the estate which they regard as part of the residuary from which certain annuities are to be realized and paid to beneficiaries designated in the will.

With the proofs in this posture, counsel for the defendants requested a respite to consider the propriety of amending the answer. At this juncture one Blanchard B. Stevens, represented by his attorneys, Cole & Cole, prayed by petition that he be admitted as a party defendant in this action. It was declared in his behalf that the prosecution of this action and the ultimate recovery by the plaintiff of the alleged indebtedness would likely so diminish the remaining assets of the estate as to deprive him of the annuity bequeathed to him in the testator's will. The prayer of this petition was denied but his attorney was accorded the privilege of submitting a brief as *amicus curiæ*.

Thereafter application was made to amend the seventh, ninth, tenth and eleventh paragraphs of the answer. The amendments deny that the estate of the decedent has been settled and deny that the surplus disclosed by their accounts was or is a surplus available for distribution, within the signification of section 72 of the Orphans Court act. The entire file evidencing the proceedings before the surrogate and Orphans Court in the administration of this estate has been produced and counsel consent that its contents may be considered in the determination of all of these motions. Obviously the proposed amendments of the answer are designed to introduce a controversial issue which is essentially a question of law. For this purpose the amendments are allowed.

Evidently to counterpoise the contention of the plaintiff, the defendants, upon notice, seek a rule striking out the complaint. The procedural rule which prescribes the orderly sequence in which motions are to be made and pleadings are to be filed, may, of course, be relaxed if the administration

of justice in the given case will thereby be expedited. Moreover, this court has the power of its own motion to strike out a pleading that is clearly and manifestly improper, sham or frivolous. *Mt. Pleasant Cemetery Co.* v. *Erie Railroad Co.,* 74 *N. J. L.* 100, 103; 65 *Atl. Rep.* 192; *Becker* v. *Kelsey,* 9 *N. J. Mis. R.* 1265, 1274; 157 *Atl. Rep.* 177; *Park Gasoline Co.* v. *Crusius,* 10 *N. J. Mis. R.* 147, 154; 158 *Atl. Rep.* 334.

It might well be concluded that in view of the notice directing the plaintiff to establish its claim, this action should be regarded as a proceeding to ascertain the debt rather than to collect it. *Weatherby* v. *Weatherby's Ex'rs,* 63 *N. J. L.* 445; 43 *Atl. Rep.* 683; *Clark* v. *Augustine,* 62 *N. J. Eq.* 689; 51 *Atl. Rep.* 68; *Rogovin* v. *Kridel,* 116 *N. J. L.* 97; 182 *Atl. Rep.* 828. It is, however, now evident that the defendants in reality contest the alleged statutory right of the plaintiff to present its claim at this point in the administration of the estate. The controversial issues debated by counsel have now become solely legalistic in character and it is the expressed desire that the questions of law which underlie the several motions be determined. The material facts seem to be mutually conceded.

Heeding first, then, the separate defenses, it is noted that the defendants initially aver that the plaintiff is prohibited from prosecuting the present action against the defendants by the decree barring creditors in that the plaintiff failed to present its alleged claim to the executors within the time designated by the order to limit creditors. 3 *Comp. Stat.,* p. 3835; *Cranmer* v. *Cole,* 11 *N. J. Mis. R.* 578; 167 *Atl. Rep.* 744. It is to be observed that section 70 of the Orphans Court act states that the neglectful creditor "shall, by such decree, be forever barred of his or her action therefor against such executor or administrator, except as hereafter provided." It is true that the rule barring creditors does not discharge the debt. It is purely administrative in character. *Ryder* v. *Wilson's Executors,* 41 *N. J. L.* 9; *Young* v. *Young,* 45 *Id.* 197; *Cunningham* v. *Stanford, Executrix,* 69 *Id.* 9; *Home Brewing Co.* v. *Mahler,* 92 *N. J. Eq.* 323; 112 *Atl.*

*Rep.* 506. The administrative character of the rule barring creditors cannot, however, be ignored. Hence the rule heretofore entered barring the creditors of this estate is efficacious, unless the present claim is appropriately presented pursuant to the authority of section 72 of the Orphans Court act. *Ryan* v. *Flannagan, Adm'x,* 38 *N. J. L.* 161. This defense therefore supplements the amended averments of the answer which are to be presently considered.

Secondly, it is averred that since the claim is for the amount due upon a bond with an accompanying mortgage, the plaintiff is first obliged to foreclose the mortgage. Here again, the present action might be viewed as merely a proceeding to establish the validity of the claim. *Rogovin* v. *Kridel, supra.* In the present case it transpires that the mortgage overlays real estate situate in the State of Pennsylvania. The statute of our state requiring that the initial proceeding to collect a debt secured by a bond and mortgage shall be by foreclosure of the mortgage is not applicable where the mortgaged premises are situate outside of this state. *Colton* v. *Salomon,* 67 *N. J. L.* 73; 50 *Atl. Rep.* 588. The second separate defense will be stricken. The eighth, ninth and twelfth separate defenses are also frivolous.

Reaching now the consideration of paragraphs seven, nine, ten and eleven of the answer as now amended, it is apparent that the defendants continue to admit the filing and the allowance of the two accounts to which reference is made in the complaint but the defendants categorically deny that they have settled the estate of the decedent and they deny that there has been a settlement which exhibits a surplus to be distributed.

Broadly surveying the indisputable facts and the pertinent provisions of section 72 of the act, the situation in its legal aspect is somewhat singular. True, all claims that were presented have been paid and substantial sums have been distributed to legatees and beneficiaries named in the testator's will. The accounts and the petitions accompanying them are expositive. Then also it is detected that the defendants heretofore filed a bill in the Court of Chancery seeking advice

concerning their duties in executing the directions expressed by the testator in the eleventh clause of his will. *Liberty Title and Trust Co.* v. *Stevens,* 115 *N. J. Eq.* 506; 171 *Atl. Rep.* 531; *affirmed,* 117 *N. J. Eq.* 404; 176 *Atl. Rep.* 167. The basic facts evidently determined by the vice-chancellor in that cause are likewise enlightening.

The imposing question of law now fashioned by the pleadings is whether, in view of the acknowledged facts, section 72 of the Orphans Court act avails the plaintiff in upholding the present action. The pertinent part of section 72 is here quoted: "In all cases where any executor or administrator shall have settled the estate of any decedent, or may hereafter settle the estate of any decedent, and there has been, or shall be, upon such settlement a surplus to be distributed, it shall and may be lawful for any creditor of said estate, who may have neglected to file his claim with such executor or administrator within the time herein prescribed, to present such claim to such executor or administrator under oath at any time before said surplus shall have been distributed or paid over according to law by such executor or administrator * * * *."

An examination of the statute discloses that creditors may primarily present their claims before the decree barring creditors (section 68); debts payable in the future may likewise be presented (section 69); assets of the estate found by a creditor after the final settlement of the account of the representative are made available for the payment of the debt, despite the failure of the creditor to present his claim (section 70); any legacy or distributive share, not attached, and unpaid by the representative is an asset also made available for the payment of a ratable proportion of the debt of a creditor who failed to present his claim (section 77); a neglectful creditor is afforded a remedy against legatees and distributees who have given refunding bonds (section 78).

To revivify the words of the late Vice-Chancellor Backes (92 *N. J. Eq.* 325): "The law prefers creditors to legatees and distributees. It is axiomatic that justice precedes generosity and that debts must be paid before gifts." The pre-

dominate object of the statute is to facilitate an orderly settlement of an estate and to afford reasonable protection to the personal representatives in the liquidation, settlement and distribution of the estate. The statute wisely protects the due course of administration from being disordered by the chance awakening of somnolent creditors. *Newbold* v. *Fenimore*, 53 *N. J. L.* 307; 21 *Atl. Rep.* 939. The legislative intent seems to be clearly discernible. It is intended that after the decree barring creditors the personal representative shall be at liberty to proceed with the due administration of the estate until he shall have paid the debts presented and shall have definitely ascertained with judicial approval all of the expenses occasioned by the administration of the estate. *Simons* v. *Forster*, 73 *N. J. L.* 338, 341; 63 *Atl. Rep.* 858. During this period it is obviously intended that the representative shall be unmolested by creditors who have been remiss in filing their claims. When it has thus been adjudicated that there is in fact a residue of the assets of the estate available for distribution or applicable to the payment of legacies, as the case may be, then unpaid creditors are again afforded opportunities to assert their claims. It was foreseen that some representatives might neglect to make a final settlement of their accounts and in such wise indefinitely harness a creditor whose debt was barred by the decree. A specific remedy is supplied by the provisions of section 80.

In *O'Neill* v. *Freeman*, 45 *N. J. L.* 208, the Supreme Court was obliged to construe section 77 (then section 66) of the Orphans Court act in the particular with which we are here concerned. The court, in the opinion delivered, said:

"The statute declares that a legacy or distributive share in the hands of the personal representative shall be assets to pay the creditor who has failed to present his claim. But how will it appear that, after the payments of the debts and the commissions and costs of settlement of the estate, any residue will remain for distribution, or that there will be any balance applicable to the payment of legacies? That can be ascertained only by a final settlement of the executor's or administrator's account, a subject over which the court in which this

suit is instituted has no jurisdiction. This court could not submit to a jury the right to determine what sum must be appropriated to the payment of debts, to the claims of the executor and to commissions for the purpose of arriving at the balance in hand. Not only would a verdict in this case be inconclusive as to any other creditor who might sue, but it might be in excess of the sum found to remain in the executor's hands upon accounting in the Orphans Court. It is therefore clear that this section of the statute gives the right of suit only after final settlement in the court where the executor's account must be passed. The terms 'legacy and distributive share' necessarily imply a final settlement. The first replication is faulty in failing to allege such final accounting, and an unpaid legacy or distributive share thereafter remaining in the executor's hands."

Significance must be attached to the conclusion of the court that there must be a judicial settlement embracing not only the payment of debts but also commissions and administration costs and expenses before a surplus or residue remains for distribution.

In *Emson* v. *Allen,* 62 *N. J. L.* 491; 41 *Atl. Rep.* 703, the executor instituted the action to recover a debt alleged to be due the estate. The defendant pleaded a set-off to which the plaintiff interposed the statutory bar by the decree of the surrogate made upon an order to limit creditors. Thereupon the defendant rejoined that at the commencement of the action the testator's estate was solvent; that all the testator's debts except that due to the defendant had been paid; that on the settlement of the estate there would be a large surplus to be distributed among the devisees under the will and that the surplus was still in the hands of the executor. To the rejoinder the plaintiff addressed a demurrer. The demurrer was sustained because the rejoinder did not contain an averment that the executor has settled the estate and that upon such settlement, the surplus remained in his hands. Mr. Justice Dixon, speaking for the Supreme Court, stated: "The settlement intended by this act is, undoubtedly, a judicial settlement before the Orphans Court, the Ordinary or the

Court of Chancery. Such was the construction placed in *O'Neil* v. *Freeman,* 45 *N. J. L.* 208, on section 66 of the Orphans Court act, a provision having a similar object but much less explicit on the point now raised than the act of 1889." We have already perceived that in O'Neil *v.* Freeman it was held that section 77 of the statute granted the right of suit only after final settlement in the court where the executor's final account must be passed. Again in *Cunning-ham* v. *Stanford,* 68 *N. J. L.* 9; 54 *Atl. Rep.* 245, it was held that in order to take advantage of provision 77 of the act, it was necessary for a creditor to allege and prove that there has been a *final settlement* of the account of the execu-tor. Mr. Justice Case delivering the opinion of the Court of Errors and Appeals in the more recent case of *Miller* v. *Marshall,* 113 *N. J. L.* 420; 174 *Atl. Rep.* 726, said: "By section 70 it is provided that upon the making of the final decree [barring creditors], 'any creditor who shall have neglected to bring in his debt, demand or claim within the time so limited, shall, by such decree, be forever barred of his or her action therefore against such executor or adminis-trator,' except that *after final settlement* relief may be had under certain circumstances. The exception does not con-cern us because there has been no *final settlement* of the account of the executor." (Italics mine.)

In *Smith* v. *Wilson,* 79 *N. J. Eq.* 310; 81 *Atl. Rep.* 851, Vice-Chancellor Stevenson found: "It is established beyond doubt that the husband as administrator has received money and securities, after all other debts have been paid, far in excess of the mortgage debt." "The bill, giving all possible force to the meagre amendment, cannot, in my judgment, be deemed as presenting a case under section 72 of the Orphans Court act. *Pamph. L.* 1898, *p.* 740. There is no allegation or proof of a judicial settlement of the decedent's estate by the administrator, the defendant. *Emson* v. *Allen,* 62 *N. J. L.* 491. This is a fatal defect and makes any further discus-sion of other possible defects unnecessary."

In *Home Brewing Co.* v. *Mahler, supra,* Vice-Chancellor Backes pointed out that the remedy under section 72 of the

Orphans Court act was not available to the complainant because the estate had not been judicially settled.

A claim for the amount due on a bond of the deceased secured by a mortgage is nevertheless a claim which must be presented to the executors within the time fixed by the rule to limit creditors. *Ray Estate Corp.* v. *Steelman, Adm'r*, 90 *N. J. L.* 184; 100 *Atl. Rep.* 209; *Smith* v. *Crater*, 43 *N. J. Eq.* 636; *Weatherby* v. *Sparks*, 63 *N. J. L.* 445; 43 *Atl. Rep.* 683; *Voorhees' Case*, 57 *N. J. Eq.* 291; 42 *Atl. Rep.* 567; *Smith* v. *Wilson*, 79 *N. J. Eq.* 310; 81 *Atl. Rep.* 851; *Cranmer* v. *Cole, supra; Hackensack Trust Co.* v. *Van Den Berg*, 92 *N. J. L.* 412; 105 *Atl. Rep.* 719; *Hess* v. *Bugbee*, 13 *N. J. Mis. R.* 358; 178 *Atl. Rep.* 626.

The decree barring creditors entered on March 14th, 1928, is an impregnable defense to the present action unless the facts alleged and supported by proof are such as to warrant the prosecution of this action under the provisions of section 72.

Perhaps in the present case it might be confidently assumed that the funds now retained by the executors will be more than sufficient for the payment of commissions, proctor's fees and other administration expenses. In *Cunningham* v. *Stanford, Executrix, supra* (at *p.* 10), Chief Justice Gummere remarked: "That a decree to bar creditors will be enforced against creditors, notwithstanding that the executor has personal assets of his testator in his hands, has been frequently decided by this court." The fact is, however, that the amount of such outlay in the present estate has not yet been definitely determined and judicially approved. Section 72 cannot be given a flexible construction depending upon mere probabilities in each case. It may frequently occur that upon the allowance of an intermediate account, a neglectful creditor will contend that some of the balance disclosed by the account is surplus to be distributed. Assuredly it was not intended in such exigencies that the merit of the creditor's contention should be determined in an action at law against the representative of the estate. It is desirable that the construction placed upon this section of the statute shall be definite, clear and positive in its universal application.

In the instant case the alleged amount remaining unpaid on the bond is not challenged. The other facts are not in dispute. There has been no final judicial settlement of this estate. My conclusion is that the right of a delinquent creditor to assert his claim under section 72 of the act originates only upon a final accounting wherein a surplus for distribution is determined. The plaintiff, as a creditor, can with the facts undisputed seek adequate remedy in the Orphans Court.

Counsel may, upon notice, present a rule appropriately to be entered in conformity with the conclusion here expressed.