This is an appeal from an order entered in the orphans court directing that a decree barring creditors of the estate of David Rubin be opened to the extent of allowing a creditor of the estate to prove its claim after the time limited in the decree barring creditors.
It is well settled that ordinarily under section 70 of the Orphans Court act the creditor is barred from proving a claim against the estate so as to stand on an equal footing with other creditors who have proved their claims within the time limited by the order. Under such circumstances the creditor, instead of being allowed to come in on the distribution by the executor on accounting, is remitted to his rights only against moneys remaining after payment of the claims proved in time. The reason for the rule is to secure orderly administration of the estate and to inform the executor in due course what the claims against the estate are. Emson v. Allen, 62 N.J. Law 491; EquitableLife Assurance Society v. Chesley, 63 N.J. Eq. 348; Cunningham
v. Stanford, 69 N.J. Law 9; Home Brewing Co. v. Mahler,92 N.J. Eq. 323; Miller v. Marshall, 113 N.J. Law 420.
However, the rule of strict enforcement of statutes of limitation has been relaxed in cases in which the creditor was *Page 555 
lulled into a false sense of security by reason of fraud, misrepresentation or misunderstanding. Seymour v. Goodwin,68 N.J. Eq. 189; Forman v. Grant Lunch Corp., 113 N.J. Eq. 175.
In the instant case it is asserted on behalf of the creditor that the orphans court was fully justified in not applying the strict letter of the statute because of the circumstances under which the failure to file in time occurred. The record before the orphans court has not been presented to this court and the court cannot therefore pass on the question as to whether sufficient facts were presented to the court below to justify its action in reopening the decree barring creditors, but in the absence of the record, it is to be presumed that the orphans court found sufficient facts to justify its action, and its order will therefore be affirmed.