The Chancellor.
The complainants cannot maintain this bill. They seek relief, alleging themselves to be the heirs at law and next of kin of Benjamin Stilwell, deceased, and, as such, claim the one-third part of the distributive share of his personal estate and the one equal third part of his real estate. Joseph M. Stilwell and Joseph R. Stilwell were the administrators of Benjamin Stilwell. The bill alleges that the administrators fraudulently administered the estate; that they exhausted the personal estate in the payment of false claims, and then fraudulently procured an order of the Orphans Court of the county of Burlington to sell the real estate, and used the proceeds of the sale in fraudulently paying other illegal claims. Joseph M. Stilwell and Joseph R. Stilwell are both deceased. The representatives of Joseph R. Stilwell are not before the court, but the bill calls upon the executors of Joseph M. Stilwell, one of the administrators of Benjamin Stilwell’s estate, for a resettlement, and to account for the estate of Benjamin Stilwell, and to pay the complainants their distributive share of that estate. It is manifest, if the complainants are entitled to such distributive share, they cannot call upon the executors of a surviving administrator for any such account, and for the very plain reason, that the executors do not represent the estate of Benjamin Stilwell. The defendants have no more to do with those accounts than the complainants themselves have.
But the complainants have no more right here, in the capacity of next of kin and heirs at law of Benjamin Stilwell, than the defendants have as personal representatives of his estate. The complainants show, by their bill, that they cannot claim in that capacity. Benjamin Stilwell, at his death, left his brother Joseph R. Stilwell and two sisters surviving him. The complainants are the heirs at law and next of kin of Joseph R. Stilwell, and if there is any estate of Benjamin Stilwell which Joseph R. was entitled to, the complainants must claim through him, and *315 as his heirs and next of kin. They now allege, by their bill, that Joseph R., through whom they claim, and his co-administrator squandered their intestate’s estate. One-third of it belonged to Joseph R. Stilwell, through whom they claim. How can the complainants complain of his fraudulently using what they claim through him ? The complainants stand in the place of Joseph R. Stilwell, and their right to maintain this suit is no better than Joseph R. Stilwell’s would have been had he been here as complainant. The foundation of their bill is, that the property they claim belonged to Joseph R. Stilwell. He had a right to do what he pleased with his own. It is just like a son calling the executors of his father to account for the property which his father had squandered, on the ground, that if the property had not been squandered, it would have come to him as the next of kin. What an extraordinary exhibition would have been made if Joseph R. Stilwell had filed a bill against the executors of his co-administrator, calling upon them to respond for a fraud which he, Joseph R. Stilwell, had committed in conjunction with his co-administrator ? And yet these proceedings exhibit just such a case.
There are many other objections fatal to the complainants, hut it is really treating the case too seriously to notice them. The bill must be dismissed with costs.