# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

### JUNE TERM, 1895.

---

TRUMAN M. DODSON et al., appellants,

*v.*

JOHN SEVARS, respondent.

1. A creditor who has failed to present his claim to the executors of his debtor within the time limited by the orphans court, cannot apply to the court of chancery to have certain bequests and devises subjected to his claim, it appearing in his bill that on final settlement there was a large residue left in the hands of the executors.

2. Defects in the proceeding commented on.

---

On appeal from an order of the chancellor, whose opinion is reported in *Dodson v. Sevars, 7 Dick. Ch. Rep. 611.*

*Mr. John H. Backes,* for the appellants.

347

*Mr. William M. Lanning,* for the respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

This case is before the court on an appeal from an order sustaining a demurrer by John Sevars, the respondent, who was one of several defendants in the court of chancery.

The general aspect of the bill is this : The complainants in the court below are creditors-at-large of the estate of the late James Taylor, and in laying the ground of this proceeding they allege that the executors of his estate settled their accounts finally in the orphans court, having obtained a decree that all creditors who had not come in within the time limited by a rule duly taken and published, would be barred. They further declare that they did not present their claim now in question with the executors within two years after this final settlement and decree.

It likewise appears that when the executors thus settled they charged themselves, after the payment of all debts, with a balance of $61,399.60, and what became of this sum is not told.

The demand sought to be enforced is less than one-fourth of this amount.

This being the situation, the complainants exhibited their bill for the purpose of compelling the executors to take possession of certain personal property that was specially bequeathed to the widow and granddaughter of the testator, and to sell a certain tract of land that the will directed to be sold for the benefit of certain members of his family, among whom the proceeds were to be divided.

This is the entire scope of the complaint, with the exception that it prays the removal of the executors from their office without assigning anything to justify a course so rigorous.

It should be observed that this bill does not call for an examination of the state of the assets of the estate, or even attempt to show why it is necessary to resort to the present course of law.

Regarding, then, this bill in this its general aspect, it is deemed to be manifest that it stands upon a theory that has no

Dodson v. Sevars.

foundation in law or equity. That theory is nothing but this :. That a creditor who fails to put in his account before the settlement of the estate in the orphans court, can file his bill to have his debt paid out of any legacy or devise he may select, and this without any reference to the amount of primary assets which have been or which remain in the hands of the executor. The general rule is that the personal property undisposed of by the testator must be applied before the things bequeathed or the land devised can be resorted to, but the theory in question is constructed on the basis that the creditor, refusing to subject his claim to the ordinary course of administration, occupies the vantage ground of being possessed of the prerogative to disregard the equitable rules touching the marshaling the assets in the payment of ordinary creditors—he can appropriate whatever devise or bequest he may select.

There is nothing in our laws to warrant such a contention,. and the bill is therefore demurrable for that reason.

There are other defects of this bill that appear to have escaped notice.

The chancellor, in his opinion, says : " The bill states that the remaining personalty was bequeathed absolutely to Mrs. Taylor,. with the proviso added that if she should die intestate, leaving part of it undisposed of, then his executors were to convert it into money and distribute it. This statement of the will shows an absolute gift for an indefinite time, with unlimited power of alienation. Such a gift is construed to carry to its recipient the absolute ownership, and a gift of that which remains undisposed of over is void."

There can be no doubt of the view thus expressed, and it is established by the authorites cited.

The *status*, therefore, in this respect is that the personalty in question passed, on the death of Mrs. Taylor, to her personal representative, and yet he has not been made a party to the suit.. No decree could be made in this respect in the absence of such a necessary party.

So, also, with regard to the tract of land mentioned in the bill. The title is in the heirs-at-law of James Taylor, the testator, a power of sale merely being given to the executors, and

who such heirs are is not shown. The court could not divest them of title in their absence.

None of the foregoing views are embraced in the brief of the counsel of the respondent. Had they been suggested in the court below, it is probable that the decree would have had a wider scope, but as the case stands on this appeal, all that this court can do is to affirm the decree as it appears upon the record.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, GUM-MERE, LIPPINCOTT, MAGIE, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS—10.

*For reversal*—None.