HERMAN LOEHNBERG

v.

LIZZIE KASS LOEHNBERG et al., trustees, &c., under the will of August Loehnberg.

[Filed June 4th, 1902.]

1. The jurisdiction of a court of equity for enforcing payment of debts of a decedent, independent of the general administration of the statute in chancery, will not be exercised when the ordinary procedure at law, and under the statutes for collection of debts, is applicable, and there are no special reasons to supersede them.

Loehnberg *v.* Loehnberg.

2. Bill in equity, by creditor at large, to enforce payment of debt, will not lie until the debt is established at law or admitted by the executors.

3. Complainant in a bill to charge legatees and devisees with a claim against testator claimed that his sole remedy was in equity, since, being a devisee himself, he could not bring an action at law for the debt.— *Held,* that the contention was of no merit: (1) it appearing from the will that the trustees were devisees of the legal title, and as such were subject to suit, and (2) the personal estate being first liable for the debts and admitted to be sufficient to pay them.

Heard on bill and demurrer.

*Mr. James McC. Morrow,* for the demurrants.

*Mr. Thomas Anderson, contra.*

EMERY, V. C.

Complainant's bill is by a creditor of testator, August Loehnberg, filed on behalf of himself and other creditors against the legatees and devisees under testator's will. Complainant is one of the sons of the testator, and his claim, as set out in the bill, is based upon moneys paid, laid out and expended, at testator's request, in and about the maintenance, support and burial of testator's wife in Germany, in the years 1894 and 1895, amounting in all to about $1,275, and also upon an account of these expenses rendered by complainant and defendant and settled between them, which testator, on February 1st, 1896, promised to pay on request. The testator died June 14th, 1896, his will was proved by the three executors named on June 30th, 1896, and one of the executors died in 1897.

The executors of the will were also appointed trustees to carry out the trusts of the will, and, as appears by the bill, the accounts of the surviving executors and trustees were presented to the orphans court and allowed on June 8th, 1900, and the balance on the accounting, being over $116,000, remains in the hands of the trustees, who also hold the legal title to the lands devised in trust. It does not appear that complainant's claim was presented to the executors, or that it has been admitted by them or established by judgment at law.

The general jurisdiction of the court of chancery for enforcing the payment of debts of a decedent is based on the general administration of the estate, and when the jurisdiction is invoked, not for this purpose, but for the collection of the complainant's claim only, it is not to be exercised in the absence of facts showing that the ordinary procedure at law and under the statutes for the collection of debts and settlement of the estate of decedents is not applicable, or should be superseded. No circumstances requiring a general accounting or administration of the estate appear in this case, and the only special relief, by way of accounting, asked by the bill is that all the legatees and devisees contribute ratably with complainant (who is one of the legatees) to the payment of complainant's debt. The entire amount of money legacies, including the one to complainant of $5,000, is $7,500, and as the residuary personal estate seems to be over $116,000, no reason is apparent why there should be any accounting if complainant's debt is established against the executors. Until it is so established at law, or is admitted by the executors, a bill in equity by a mere creditor at large to enforce payment will not lie against the legatees or devisees. *Rutherford* v. *Alyea, 9 Dick. Ch. Rep. 411 (Errors and Appeals, 1896)*; *Edwards* v. *McClave, 10 Dick. Ch. Rep. 151; affirmed on appeal, 10 Dick. Ch. Rep. 822 (Errors and Appeals, 1896)*. These decisions also expressly settle the practice previously indicated in *Dodson* v. *Sevars, 8 Dick. Ch. Rep. 347, &c. (Errors and Appeals, 1895)*, that a creditor proceeding in equity for the recovery of his debt against a legatee or devisee should show sufficient grounds for not resorting to the ordinary course of collecting it from the funds primarily liable in the hands of the executor or administrator, and they qualify to this extent the statement by Chancellor McGill, in *Dodson* v. *Sevars, 7 Dick. Ch. Rep. 611, 618,* as to the exercise of the jurisdiction in chancery before the establishment of the claim at law. The Orphans Court act (*Rev. of 1898 § 72*) provides for the presentation of claims to the executor, after settlement of the estate and before distribution of the surplus (which is the case here), and for the establishment of disputed claims. In this case it

does not appear that the claim was ever presented to the executors, and the executors are not made parties defendant in that capacity. As the persons who appear, by the bill, to be in possession of funds sufficient to pay the debt and primarily liable for it, the executors, as such, are necessary parties to a suit brought to charge the legatees or devisees with its payment. *Congregational Church* v. *Benedict, 14 Dick. Ch. Rep. 136, 139 (Vice-Chancellor Stevens, 1899)*. The cases relied on by complainant's counsel to sustain the jurisdiction in this case have been examined, and they seem to be either cases where jurisdiction for the purpose of discovery or accounting or general administration of the estate in equity was necessary in order to enforce the payment of complainant's debt, or cases in which there was some other special equity upon which to base the jurisdiction. The further contention was made at the hearing that complainant's relief as a creditor against the devisees was in equity only, because he was himself a devisee, and therefore could not bring an action at law for the debt, under the Heirs and Devisees act. But, assuming that these facts sufficiently appear by the bill, the contention is not well founded—*first,* because, under the will, so far as it is set out in the bill, the *trustees* appear to be the devisees of the legal title, and, as such devisees, are subject to suits at law by complainant against them, and *secondly,* because the personal estate is first liable for the debts and must be exhausted before a creditor is entitled to file a bill in equity to enforce a lien upon the real estate. *Rutherford* v. *Alyea, supra.* Complainant's bill does not seek payment of his legacy, but only of his alleged debt, and no adjudication is intended to be made on his claim as legatee.

The demurrer is sustained.