The bill is to recover legacies and to charge their payment on land devised.
Mary Reinhardt died in 1910. She bequeathed, inter alia, "to each child of my sister Sarah Skinner the sum of $500," and bequeathed and devised "the residue of my estate real and personal" to her husband, Frederich Reinhardt, whom she appointed executor and who qualified and administered. She left a small personal and considerable real estate. What *Page 25 
became of the personal estate is undisclosed. Frederich Reinhardt died in 1930 and by his will, after a few pecuniary legacies, bequeathed and devised the residue of his estate to his widow, Minnie Reinhardt, whom he appointed executrix and who qualified and who appropriated the estate, including the real estate of which Mary Reinhardt died seized. Three of the four children of Sarah Skinner and Walter Mohr, husband of the fourth, deceased, are suing Minnie Reinhardt, executrix, to recover the legacies.
Mohr, as husband of his deceased wife, cannot recover. The right of recovery is in her personal representative. A husband is entitled to administer his deceased wife's estate and, as administrator, formerly took the estate jure mariti. Donnington
v. Mitchell, 2 N.J. Eq. 243. Under the Distribution act of 1914 he must distribute two-thirds of the estate among the children of his wife. Cum. Supp. Comp. Stat. p. 2628. It does not appear when his wife died; and there is a child.
The suit cannot be maintained in its present form. Recovery of the legacies is sought from the executrix of Frederich Reinhardt's estate, whereas they are due from the estate of Mary Reinhardt, which the defendant does not represent. An executor of an executor is not, as at common law, the executor of the first testator. The vacant office of executor of the first testator is now filled by a substituted administrator. Comp. Stat. p. 2259.
He must seek an accounting from the executor of his predecessor and payment of legacies must be sought from him. In this respect the statute puts an executor of an executor on the same footing as an administrator of an administrator at common law. Boulton
v. Scott's Administrators, 3 N.J. Eq. 231; Garret v.Stilwell's Executors, 10 N.J. Eq. 313. Although a general accounting from the estate of a deceased executor must be had at the instance or in behalf of the substituted administrator, this court has entertained suit to recover a legacy out of specific property unlawfully appropriated to his own use by an executor, which was found in the hands of his personal representative.Tucker v. Green, 5 N.J. Eq. 380. The *Page 26 
present bill, though it is against the defendant as executrix to make the legacies out of the personal property of the earlier estate, also prays that they be made out of lands generally, of which Mary Reinhardt died seized. The bill may be amended to enforce the legacies against land specifically described. They are liens by operation of the will. "If legacies are given generally and the residue of the real and personal estate be afterwards given in one mass, the legacies are a charge on the residuary real as well as personal estate." First Baptist Churchof Hoboken v. Syms, 51 N.J. Eq. 363. There is no question here of primary liability of the personal estate. The defendant and her deceased husband took successively all the personal estate under the wills of their spouses. Let the real estate upon which the legacies are liens be specifically described and bring in the defendant executrix, as devisee, individually.
Now, as to the merits. Nearly twenty years elapsed before payment of the legacies was demanded and not until after Frederich Reinhardt, the executor of the will, died; but that is explained by Frederich and Eleanor Skinner, two of the legatees, who say they did not know of the will or the bequests until after the death of the executor; and by the wife of the former who, in searching the records of the Essex county surrogate's office to ascertain whether Frederich Reinhardt, then recently deceased, left a will, discovered the record of the testatrix's will. Both legatees aver they were never paid.
The defense produced stubs of a small check book which the defendant says she found in a bureau drawer of her husband's room. Two stubs contain entries, one of a check purporting to have been made out to Frederich Skinner, the other to Lillian Skinner (the deceased Mrs. Mohr), each for $475 bearing date February 1st, 1910. The figures $475 and the dates are recognized by the defendant as written by her husband, but not the names of the payees; they are in a strange handwriting. The record of the Orange National Bank shows withdrawals from the account of Frederich Reinhardt of corresponding amounts within a few days of the *Page 27 
date of the checks. The check book stubs were admitted in evidence pro tempore, over objection. They are inadmissible to prove payment, viz., as evidence that checks were drawn by the testator in favor of the two legatees and the withdrawals made by them. 22 C.J. 871; 22 Cyc. 585; 36 Am. Eng. A.C. 799. But were they admissible, the strange handwriting of the names of the payees might reasonably lead to the surmise that the stranger also may have been the endorser and withdrawer of the check, and so weaken the evidential value of the stubs as not to neutralize the denials of the legatees.
Frederich Skinner denies having received the check. The two legatees and the wife of Frederich have the manners of honest, truthtelling witnesses, and their evidence was given with impressive sincerity and is accepted.
The complainants are entitled to a decree for their legacies with interest and costs.