THE PROVIDENT INSTITUTION FOR SAVINGS IN JERSEY CITY, A CORPORATION, APPELLANT, v. WEST BERGEN TRUST COMPANY, A CORPORATION, AND FRANCES NILAN, EXECUTORS OF THE ESTATE OF BENJAMIN TREIER, DECEASED, RESPONDENTS.

Submitted February 14, 1941—Decided May 29, 1941.

For the appellant, *Insley, Decker & Cross* (*William E. Decker*).

For the respondent West Bergen Trust Co., *Edward P. Stout.*

For Frances Nilan, *James E. Pyle.*

The opinion of the court was delivered by

BODINE, J. Benjamin Treier and his wife, Mary Treier, executed two separate bonds and mortgages covering two properties in Jersey City owned by them in fee by the entirety. Mary died March 8th, 1931. The estate by operation of law then became vested in Benjamin, who died May 14th, 1931. The respondents, executors of his estate, caused to be entered an order barring creditors in accordance with the law now found in *N. J. S. A.* 3 :25-3-9. This statute is an ancient one and in almost precise form has been on the books for at least a century.

The object of the statute is to enable the personal representatives speedily to settle decedent's estate. *Hackensack Trust Co.* v. *Van Den Berg,* 92 *N. J. L.* 412. For an orderly adminis-

tration, it is necessary for the personal representative to determine the extent of assets and liabilities of the estate. The mortgage creditor has the same duties as general creditors to make known that it holds a claim against the estate. If the claim is not presented, the statute bars action except as to surplus money in the hands of the executors. *N. J. S. A.* 3 :25-10; *Philadelphia Home, &c.,* v. *Philadelphia Saving, &c., Co.,* 129 *N. J. Eq.* 243.

The appellant commenced foreclosure proceedings upon its mortgages April 27th, 1937. The result was a sale of the property for less than the amount of the decree and a resulting deficiency. This suit is for this deficiency. It resulted in the direction of a verdict in favor of the executors since claims upon the bonds and mortgages had not been presented within the time fixed by law. *Hess* v. *Bugbee,* 13 *N. J. Mis. R.* 358. There seems to be no funds in the estate. The corporate executor on August 3d, 1938, was relieved by decree of the Orphans Court from all further liability.

It is conceded that an action for the principal sum due on the bonds was barred, but it is claimed that there was error since the appellant had paid taxes for the years 1933 to 1936, inclusive, aggregating $3,681.81, and should recover such amount since the debt therefor matured at a time subsequent to the date of the decree barring creditors. *Ray Estate Corp.* v. *Steelman,* 90 *N. J. L.* 184, and *Wakeman* v. *Paulmier, Executor,* 39 *Id.* 340, are relied on.

The mortgages given to the appellant contain a thirty-day default clause adding the lien of taxes paid to the mortgage debt and the amount thereof to the bond.

Assuming that there is, in this case, a covenant to pay an obligation arising subsequent to the entry of the decree barring creditors, we do not think that in the absence of unadministered assets in the hands of the executors that they can be held liable therefor. What was said in *Ray Estate Corp.* v. *Steelman, supra,* to the contrary was obiter. The taxes paid were a prior lien acquired by the mortgagee.

The amount due on the bond never having been presented within the time fixed by law, the executors were relieved as to that debt or addition thereto, in the absence of unadminis-

tered assets in their hands, as in the recent case in equity of *Philadelphia Home for Incurables* v. *Philadelphia Saving Fund Society, supra.* Within the time fixed by law the mortgage creditor should have presented its claim upon decedent's bonds. *Smith* v. *Crater,* 42 *N. J. Eq.* 348; *affirmed,* 43 *Id.* 636. So far as the language in *Field* v. *Thistle,* 58 *Id.* 339; *affirmed,* 60 *Id.* 444, and *Terhune* v. *White,* 34 *Id.* 98, may be inconsistent with this decision, they are overruled, but we do not think that the creditor in those cases reached anything except unadministered assets. To this, of course, he was entitled under the statute.

The judgment is affirmed.

*For affirmance*—The Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, WolfsKeil, Hague, Thompson, JJ. 14.

*For reversal*—None.