This is a suit to hold liable the officers and directors of the Mortgage Company for losses sustained by reason of their alleged failure to properly perform their duties. Among the defendants are the estates of two deceased directors, and there are also named as parties defendant the heirs and legatees of one of the deceased directors and the beneficiaries of a trust fund created by the will of the other deceased director. Motions were made by all the defendants to strike the bill, and under the rule decision was reserved until final hearing as to all the defendants except the aforesaid heirs, legatees and beneficiaries whose motions are now to be determined.
Under the common law the estate of a decedent was liable for debts incurred ex contractu, and such is the rule to-day. It is embodied in a statute, R.S. 3:25-68. Under the common law, actions for torts did not survive the death of one of the persons involved, and the only remedy against the estate of a decedent therefor is given by statute. This act is now R.S. 2:26-10 and reads as follows:
"Actions for conversion of or trespass to property by decedent. Where any testator or intestate shall, in his lifetime, have taken or carried away or converted to his use, the goods or chattels of any person, or shall in his lifetime, have committed any trespass to the person or property, real or personal, of any person, such person, his executors or administrators, shall have and maintain the same action against the executors or administrators of such testator or intestate as he or they might have had or maintain against such testator or intestate, and shall have the like remedy and process for the damages recovered in such action as are now had and allowed in other actions against executors or administrators." *Page 549 
It has been held that such dereliction of duty as that with which the officers and directors are charged in the instant suit is a trespass within the meaning of this statute. Dodd v.Wilkinson, 41 N.J. Eq. 566.
The statute quoted does not by its terms authorize a suit against any others than executors or administrators and does not name heirs or other beneficiaries under a will. It is contended on behalf of complainants that since the allegations of the bill are that in the Gaston estate distribution has been made, the devisees and legatees are necessary and proper parties. The argument is that the devisees and legatees have received something which is subject to charge for the misconduct of the decedent and are therefore interested in the outcome of the suit and should be compelled to protect themselves by defending it. Of course, no personal claim is made against these defendants, their only liability being their contribution to the extent of their inheritance.
In my opinion complainants have no right at this time for any direct action since the statute, which alone saves the cause of action from abatement, by its terms limits to one against executors and administrators and I see no reason why it should be extended beyond its terms. Complainants have an ample remedy by the establishment of their claim against the decedent and in case of failure to satisfy it from any portion found not distributed, they can proceed first against the legatees and then if necessary against the devisees.
While not perhaps precisely in point the principles enunciated in the following cases would seem to be applicable. In Edwards
v. McClave, 55 N.J. Eq. 151 (at p. 156) the court said:
"This is not a creditor's bill for the general administration of a decedent's estate, and bring all the estate of deceased, both real and personal into the court for administration, but a bill for one creditor to establish an alleged obligation against decedent's estate, upon the establishment of which he asks that a decree may be made for its payment out of the real estate of the decedent. There are no allegations in the bill in reference to the personal estate, which is the primary fund for payment of obligations of this character, and even on the *Page 550 
supposition that there was no personal estate whatever, the claim, as it seems to me, not being admitted by the administrator, must first be regularly established by judgment or decree against him before the lands which have descended to the heirs can be sold by the court."
In Dodson v. Sevars, 53 N.J. Eq. 347, the court says (atp. 349):
"The general rule is that the personal property undisposed of by the testator must be applied before the things bequeathed or the land devised can be resorted to, but the theory in question is constructed on the basis that the creditor, refusing to subject his claim to the ordinary course of administration, occupies the vantage ground of being possessed of the prerogative to disregard the equitable rules touching the marshaling of assets in the payment of ordinary creditors — he can appropriate whatever devise or bequest he may select.
"There is nothing in our laws to warrant such a contention, and the bill is therefore demurrable for that reason."
In Loehnberg v. Loehnberg, 63 N.J. Eq. 496, the court says (at p. 498):
"The general jurisdiction of the Court of Chancery for enforcing the payment of debts of a decedent is based on the general administration of the estate, and when the jurisdiction is invoked, not for this purpose, but for the collection of the complainant's claim only, it is not to be exercised in the absence of facts showing that the ordinary procedure at law and under the statutes for the collection of debts and settlement of the estate of decedents is not applicable, or should be superseded, * * *.
"Until it is so established at law, or is admitted by the executors, a bill in equity by a mere creditor at large to enforce payment will not lie against the legatees or devisees.Rutherford v. Alyea (Court of Errors and Appeals, 1896), 9Dick. Ch. Rep. 411; Edwards v. McClave, 10 Dick. Ch. Rep. 151;
affirmed on appeal (Court of Errors and Appeals, 1896), 10Dick. Ch. Rep. 822. These decisions expressly settle the practice previously indicated in Dodson v. Sevars (Court ofErrors and Appeals, 1895), 8 Dick. Ch. Rep. 347, c., that a creditor proceeding in equity for the recovery of his debt against *Page 551 
a legatee or devisee should show sufficient grounds for not resorting to the ordinary course of collecting it from the funds primarily liable in the hands of the executor or administrator, and they qualify to this extent the statement by Chancellor McGill, in Dodson v. Sevars, 7 Dick. Ch. Rep. 611, 618, as to the exercise of the jurisdiction in Chancery before the establishment of the claim at law."
The only case which gives any support to the contention of the complainants is that of McCartin v. Traphagen, 43 N.J. Eq. 323.
In circumstances somewhat similar to those here the court said that heirs of law were not necessary parties but were proper parties because of the fact that their inheritance might ultimately be diminished in case the liability of the testator should be established. Similar reasoning would justify the practice of always bringing devisees and legatees into any suit against an estate. This it seems to me, unless required by some fixed rule of law would impose an unnecessary hardship.
In my opinion, in the absence of a statute to the contrary, it is not only the duty but the sole right of the executor to represent the estate and defend it in any litigation. The statement in the McCartin Case that heirs were proper parties is entitled to weight as an opinion but is not necessarily controlling since the bill was dismissed on the ground of laches and it was therefore immaterial as to whether the heirs were considered as proper parties or not. The McCartin Case seems to be contrary to the principles laid down in the other cases cited herein.
I accordingly find that in the Gaston estate the individual devisees and legatees are neither necessary nor proper parties and bill should be stricken as against them.
As to the motion made on behalf of the beneficiaries of the trust fund created by the Ackerson will the same reasoning applies and the bill will be stricken as against them also. In the Ackerson estate there is additional argument that the trust fund has not been distributed and is still in the hands of the trustee who is a party defendant in this suit. *Page 552