65 N.J. Super. 361 (1961)
167 A.2d 828
MARIE PITALE, PLAINTIFF,
v.
LEROY HOLDING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT, THIRD-PARTY PLAINTIFF,
v.
ANTHONY TOMASELLO, IND. AND AS EXECUTOR OF THE ESTATE OF PETER PITALE, DECEASED, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 30, 1961.
*362 Mr. Martin Bloom, attorney for plaintiff.
Mr. Henry P. Megargee, Jr. (Messrs. Lloyd, Horn, Megargee & Steedle, attorneys), for defendant, third-party plaintiff.
Mr. Vincent A. DeMarco, attorney for third-party defendant.
*363 WICK, J.S.C.
This matter comes before the court upon a written stipulation of facts filed by all parties in lieu of the presentation of formal evidence.
The stipulation contains the following recital of facts. The plaintiff and one Peter Pitale were married on October 26, 1927 and remained married until the death of Peter Pitale on July 1, 1957, even though for some time they had not lived together. Prior to his death Peter Pitale was seized of certain real property in Atlantic County, and on May 21, 1956 conveyed this property to the defendant (hereafter referred to as the third-party plaintiff). The plaintiff did not join in this conveyance. Immediately prior to this conveyance Peter Pitale executed an affidavit in which he said:
"Deponent says that he is a single man, never having been married; that he is over 21 and has full right and competency to convey said premises and deponent further says that the foregoing fully and truly states all of the knowledge, information and belief of the deponent upon the subjects mentioned, this affidavit being made to induce Leroy Holding Company to accept a deed to said premises, upon paying the consideration therefor, and to induce Bleakly, Stockwell and Zink to make settlement thereunder, knowing that they rely upon the truth of the statements herein made." (Emphasis added)
In reliance upon this affidavit, the defendant, third-party plaintiff, paid a valuable consideration to Peter Pitale for the deed to these premises. Peter Pitale died testate on July 1, 1957.
Anthony Tomasello, who was the executor named in the will, commenced his duties as executor on July 24, 1957. The entire estate was distributed to the creditors who were preferred under N.J.S. 3A:24-2, with the exception of $300 distributed to general creditors and $301.26 distributed to each of the two specific legatees named in the will. The executor did not secure an order barring creditors or an order for distribution, but did take back refunding bonds and releases from both of the legatees.
*364 In December 1959 the plaintiff brought this action against the defendant, the third-party plaintiff, seeking admeasurement of her dower in the property which Peter Pitale had conveyed to it. Under the provisions of R.R. 4:14 the defendant, the third-party plaintiff, has impleaded Anthony Tomasello, individually and as executor of the estate of Peter Pitale, as a third-party defendant. All parties have agreed that the plaintiff is entitled to the admeasurement of her dower against the defendant, the third-party plaintiff.
The only issue remaining for consideration is whether the third-party defendant, after having distributed the estate of Peter Pitale without obtaining an order limiting creditors, is liable to the third-party plaintiff for any part of the plaintiff's claim against the third-party plaintiff.
There seems to be no question that the third-party plaintiff would have a right of action against Peter Pitale if he were still alive today, for only because of his fraudulent misrepresentation of his marital status has the third-party plaintiff incurred any liability to the plaintiff. Such a cause of action survives against the executor of the estate of Peter Pitale under N.J.S. 2A:15-4, which states:
"Where any testator or intestate shall, in his lifetime, have taken or carried away or converted to his use, the goods chattels of any person, or shall, in his lifetime, have committed any trespass to the person or property, real or personal, of any person, such person, his executors or administrators, shall have and may maintain the same action against the executors or administrators of such testator or intestate as he or they might have had or maintained against the testator or intestate, and shall have the like remedy and process for the damages recovered in such actions as are now had and allowed in other actions against executors or administrators."
The case of Tichenor v. Hayes, 41 N.J.L. 193 (Sup. Ct. 1879), in interpreting a substantially similar survival statute, held that the word "trespass" should be liberally interpreted so that actions for deceits and neglects will survive the decease of the wrongdoer. In view of such interpretation this court must reach the conclusion that the *365 cause of action in favor of the third-party plaintiff against Peter Pitale for his fraudulent misrepresentations must survive against his executor.
Since the assets of the estate of Peter Pitale have been distributed by the third-party defendant, the third-party plaintiff seeks to impose personal liability upon the third-party defendant for his claim. The general rule in regard to the personal liability of an executor is that an executor who makes distribution to legatees or distributees before the payment of debts is generally personally liable to unpaid creditors prejudiced thereby who give notice of their claims within the statutory period. See 34 C.J.S., Executors and Administrators, § 501; 21 Am. Jur., Executors and Administrators, § 470.
In New Jersey the Legislature has adopted a statutory procedure to enable the executor to determine within a relatively short period of time the various claims against the estate. N.J.S. 3A:24-3 provides as follows:
"At any time after granting letters testamentary or of administration, the superior court, county court or surrogate, as the case may be, may, whether the estate be solvent or not, order the executor or administrator to give public notice to creditors of the decedent to present to him within 6 months from the date of the order their claims in writing and under oath, specifying the amount claimed and the particulars of the claim."
To be considered along with N.J.S. 3A:24-3 is N.J.S. 3A:24-7 which provides:
"If a claim is not presented to the executor or administrator under oath as required, within the period of 6 months limited for presentation of claims pursuant to section 3A:24-3 of this title, the executor or administrator shall not be liable to the creditor with respect to any assets which he may have delivered or paid in satisfaction of any lawful claims, legacies or distributive shares, before the presentation of such claim."
The object of these statutes is to provide a procedure by which the personal representative of the decedent can make an orderly determination of estate's liabilities and assets *366 so that a speedy settlement of the estate may be achieved. Provident Institution for Savings v. West Bergen Trust Co., 126 N.J.L. 595 (E. & A. 1941); Robinson v. Hodge, 4 N.J. 397 (1950). The term "creditor" as used in the statute has been liberally construed to include one entitled to prosecute a suit upon a tort of the deceased. The statute itself has been said to contain "ample indicia of an intent to include all claims enforceable by suit terminating in a money judgment." Hackensack Trust Co. v. Van Den Berg, 92 N.J.L. 412 (E. & A. 1918); Forwood v. Green's Estate, 42 N.J. Super. 423 (Cty. Ct. 1956). Furthermore, an order limiting creditors merely protects the personal representative from being sued on belated claims but does not discharge the obligation. Philadelphia Sav. Fund Soc. v. Disston, 16 N.J. Misc. 129 (Cir. Ct. 1937).
Since the third-party defendant failed to obtain an order limiting creditors before distributing the estate, the third-party plaintiff contends this failure subjects the third-party defendant to personal liability for other claims not yet presented to him. Neither the court nor respective counsel have been able to find any precedent clearly resolving this question; therefore it is necessary to examine the legislative intent behind chapter 24 of Title 3A. The third-party plaintiff, relying upon a negative inference, argues that the obvious import of these statutes, particularly N.J.S. 3A:23-7, is that the executor or administrator shall be liable to the creditor with respect to assets which he may have paid or delivered in satisfaction of any claims, legacies, or distributive shares before the presentment of a claim if no order limiting creditors has been obtained. The third-party defendant contends that the placing of limitations of time on the presentment of creditor's claims is not mandatory since the statute provides that the court "may" order the executor to give notice to creditors, and thus since the order is discretionary, there should be no personal liability upon the executor for distributing the estate before obtaining such an order.
*367 This court, upon reading the various sections of chapter 24 of Title 3A as a whole, must reach the conclusion that the third-party defendant, by distributing the assets of the estate to the general creditors and legatees without first obtaining an order limiting creditors, has subjected himself to liability to other creditors who have claims yet to be presented. If a contrary result were reached, the purposes of the statutes would be frustrated because no executor would have an incentive to seek such an order, but would, instead, distribute the assets in the same manner as the third-party defendant did here. It is assumed by the court that the Legislature in enacting this procedure expected it to be used, and not ignored. If the third-party defendant had obtained such an order, he would have been protected from any such liability under N.J.S. 3A:24-7. Hackensack Trust Co. v. Van Den Berg, supra. However, since he did not avail himself of the protection of an order limiting creditors, he is subject to the claims of unpaid creditors until the statute of limitations has run upon their claims. Such liability is proportionate to the whole of the debts after payment of the claims preferred under N.J.S. 3A:24-2.
The third-party defendant also suggests that the third-party plaintiff should have brought suit upon the refunding bonds given by the legatees, as provided for by N.J.S. 3A:24-13. Such procedure is not applicable here since that statute by its terms is limited to a claimant who has failed to present his claim in due form within the time required. If the third-party plaintiff's claim were barred by an order limiting creditors, then his remedy would be to use the procedure of N.J.S. 3A:24-13, Philadelphia Sav. Fund Soc. v. Disston, supra. Furthermore, the bonds involved here run in favor of the executor, and therefore the proper party to sue upon these instruments would be the executor after the claim of the third-party plaintiff had been paid by the estate. See Reilly v. Deans, 131 N.J. Eq. 547 (Ch. 1942).
*368 Accordingly, judgment will be entered in favor of the plaintiff against the defendant, the third-party plaintiff, in the amount so stipulated by the parties. Judgment will also be entered in favor of the third-party plaintiff against the third-party defendant in a sum equal to the proportionate share of $902.52, the sum remaining in the estate after payment of preferred claims, based upon the ratio of total debts owed or owing to the general creditors other than the third-party plaintiff to the total amount of debts claimed by all general creditors.