SMALL, J.T.C.
The Director of the Division of Taxation (Director) seeks to hold Harry J. Coleman, Esq., executor of the Estate of Ruth Satchwell, *531 deceased, personally liable for transfer inheritance tax {N.J.S.A. 54:33-1 to :36 — 7) due from the Estate of Hubert Satchwell, deceased.
Hubert Satchwell died intestate on May 20, 1990. Ruth Satch-well, his sister, was the sole heir of Hubert Satchwell. At his death, Hubert Satchwell had several bank accounts with the Howard Savings Bank. In order to gain their release Ruth Satchwell filed two Affidavits of Waiver (Form L-8) with the bank. One affidavit dated June 25, 1990, lists six accounts and lists Ms. Satchwell as the decedent’s “sister” although the term “spouse” is crossed out.[1] The other affidavit dated September 12, 1990, lists only two accounts and lists Ms. Satchwell as the decedent’s “spouse.”
The tax, which is not in dispute, relates to the four accounts which were held in the joint names of Hubert and Ruth Satchwell and listed on the June 25,1990, Affidavit of Waiver and not on the September 12,1990, Affidavit of Waiver.
On November 19,1990, Harry J. Coleman, Esq., as attorney for Ruth Satchwell, sole heir of Hubert Satchwell, deceased, filed a Transfer Inheritance Tax Affidavit (Form L-3) for the Estate of Hubert Satchwell. This form L-3 failed to list the four joint accounts. The record does not indicate that Mr. Coleman knew of these accounts at the time he prepared the L-3 for Hubert Satchwell’s estate, nor does it indicate whether he was aware of the errors on the L-8’s, listing Ms. Satchwell as Hubert’s “spouse”.
Ruth Satchwell died testate on December 30, 1990. Her will named Harry J. Coleman, Esq., as executor.
On January 14, 1991, the Monmouth County Surrogate, on application of the executor, Harry J. Coleman, entered an Order *532 Limiting Creditors (N.J.S.A. 3B:22-4) in the Estate of Ruth Satchwell. Harry J. Coleman, Esq., administered the Estate of Ruth Satchwell, drew his executor’s commission and attorney’s fee and, in accordance with Ms. Satchwell’s will, distributed all of the estate’s assets to two non-resident individuals.
On September 26, 1994, a bill for the tax relating to the four joint bank accounts properly taxable in the Estate of Hubert Satchwell was sent to Ruth Satchwell, care of Harry J. Coleman, Esq., the attorney whose name appeared on the Transfer Inheritance Tax Affidavit filed for Ruth Satchwell in her capacity as heir of the estate of Hubert Satchwell. Mr. Coleman responded to that letter on October 18 and November 8, 1994. On December 29, 1994, the Division wrote to Mr. Coleman, indicating that the September 26, 1994, bill remained unpaid and that “the personal representative of the estate is made personally liable for the payment of tax and interest.”
Plaintiff filed a complaint with this court seeking review of the December 29, 1994, “assessment” against Harry J. Coleman. Both parties have moved for summary judgment. R. 4:46-2.
The parties agree that $3,731.94 plus applicable penalties and interest is due to the Director with respect to the Estate of Hubert Satchwell. They agree that Ruth Satchwell as manager and beneficiary of Hubert Satchwell’s estate was personally liable for those taxes. They agree that on Ruth’s death her estate became liable for those taxes. They agree that on the distribution of Ruth’s estate her beneficiaries became liable for those taxes. They agree that her estate remains liable for the payment of those taxes. The only dispute relates to whether plaintiff, Harry J. Coleman, may be held personally liable for that tax.
It is clear that there were mistakes made in the administration of the Estate of Hubert Satchwell. Assets were released on the basis of affidavits which may have misidentified the relationship of Ruth Satchwell to the decedent. Assets which should have been listed on the Transfer Inheritance Tax Affidavit (L-3) were not. Nevertheless, the nature of those mistakes and the identification of the persons responsible are not essential to a determination of *533 the motions in this case. Under our Supreme Court’s most recent enunciation of the standards for granting summary judgment, this case is ready for determination. Brill v. Guardian Life Ins. Co. 142 N.J. 520, 666 A.2d 146 (1995).
The issue to be determined is whether Harry J. Coleman, Esq., the executor of the Estate of Ruth Satchwell, deceased, is personally liable for the transfer inheritance tax obligation of Ruth Satchwell which arose out of her role as sole heir and “manager” of the estate of her late brother, Hubert Satchwell.
For the reasons expressed below, I have concluded that Harry J. Coleman, as executor of the Estate of Ruth Satchwell is not personally liable for the debts of the Estate of Hubert Satchwell or for Ruth Satchwell’s personal debts, which did not become known as a debt of her Estate until more than three years after the issuance of an Order Limiting Creditors of her estate and after the distribution of all of her estate’s assets.
Beneficiaries of New Jersey estates are liable for the transfer inheritance tax attributable to their inheritance. Gould v. Director, Div. of Taxation, 2 N.J.Tax 316, 319-20 (Tax 1981). Fiduciaries of New Jersey estates are personally liable for the transfer inheritance tax. Id. at 320. N.J.S.A. 54:35-2 provides, “Executors, administrators, trustees, grantees, donees or vendees shall be personally liable for any and all such taxes until paid as hereinafter directed, for which an action at law shall lie in the name of the state of New Jersey.”
This personal liability of beneficiaries and estate fiduciaries is made clear by the express language of the Director’s regulations. N.J.A.C. 18:26-9.11. Thus, there can be no question that Ruth Satchwell, both as the beneficiary and as the person who administered Hubert’s estate, was liable for the taxes due on the transfer of the four joint bank accounts which she inherited from her brother, Hubert.
Although Harry Coleman acted as the attorney for Ruth Satch-well in the administration of her brother Hubert’s estate, no argument is made that his liability for the transfer inheritance tax *534 on the transfer of assets from Hubert’s estate to Ruth derives directly from his role as attorney for Ruth.
The lien for transfer inheritance taxes against Ruth runs for fifteen years. N.J.S.A. 54:35-5; N.J.A.C 18:26-8.8 [2]
At Ruth’s death on December 30, 1990, she and subsequently her estate owed $3,731.94 with respect to transfer inheritance tax on the transfers from the estate of her deceased brother Hubert. At that time the assets on which that liability was based had not been reported to or identified by the Division of Taxation.
The Director argues that Mr. Coleman’s liability for these taxes arises out of N.J.S.A 54:35-2 quoted above. That reading of the statute extends its reach too far. “An executor of an executor is not, as at common law, the executor of the first testator.” Skinner v. Reinhardt, 108 N.J.Eq. 24, 25, 153 A. 632 (Ch.1931).
Nevertheless, at Ruth’s death the transfer inheritance tax owed with respect to the transfer of the four joint bank accounts which she received from Hubert’s estate became debts of her estate.
An executor in addition to his personal liability for the payment of taxes of the estate which he administers under N.J.S A 54:35-2 is also personally responsible for the payment of the debts of the decedent which became debts of a decedent’s estate. Pitale v. Leroy Holding Co., 65 N.J.Super. 361, 365, 167 A.2d 828 (Ch.Div.1961). Even though Ruth Satchwell did not know about the Director’s assessment prior to her death, she is presumed, as the person administering the estate, to have such knowledge. Martin v. Bird, 126 N.J.Eq. 206, 211, 8 A.2d 333 (Prerog.Ct.1939), decree aff'd, 126 N.J.L. 415,19 A.2d 886.
Plaintiff Coleman argues that he is relieved of the responsibility for the payment of Ruth’s debt for the taxes on Hubert’s estate because he obtained an Order Limiting Creditors pursuant to N.J.S A. 3B:22-4 which provides:
*535 At any time after granting letters testamentary or of administration, the Superior Court, or surrogate, as the case may be, may, whether the estate be solvent or not, order the personal representative to give publie notice to creditors of the decedent to present to him their claims in writing and under oath, specifying the amount claimed and the particulars of the claim, within 6 months from the date of the order.
and N.J.S.A. 3B:22-9 which provides:
If a claim is not presented to the personal representative under oath as required, within the period of 6 months limited for presentation of claims pursuant to N.J.S. 3B:22-4, the personal representative shall not be liable to the creditor with respect to any assets which he may have delivered or paid in satisfaction of any lawful claims, devises or distributive shares, before the presentation of the claim.
Thus, plaintiff argues that since he obtained the order and distributed the assets of Ruth’s estate (a) before receiving notice of the state’s Transfer Inheritance Tax assessment and (b) after the expiration of six months from the issuance of the order under N.J.S.A. 3B:22-4, he is discharged from his personal liability for the debt of Ruth’s estate. Pitale v. Leroy Holding Co., supra, 65 N.J.Super. at 365-67, 167 A.2d 828 (construing the statutory antecedents to N.J.S.A. 3B:22-4 and -9) holds that an estate fiduciary who does not file a notice under N.J.S.A 3B.-22-4 is not discharged of liability under N.J.S.A 3B:22-9 and in so holding reiterates that when the proper notice is filed, the discharge is effective.
The state argues, however, that the relief of N.J.S.A 3B:22-9 applies only to “claims.” N.J.S.A. 3B:1-1 provides:
“Claims” include liabilities whether arising in contract, or in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent, including funeral expenses and expenses of administration, but does not include estate or inheritance taxes, demands or disputes regarding title to specific assets alleged to be included in the estate.
[emphasis added.]
Thus, the state argues transfer inheritance taxes are excluded from the definition of “claims” from which an executor can be relieved by the operation of N.J.S.A. 3B:22-4 and -9. Of course, this statutory language is meant to apply to the transfer inheritance taxes of the subject estate. The state argues that it must also apply to the transfer inheritance taxes personally owed by the decedent with respect to her role as fiduciary or beneficiary of a prior estate. Does this make sense given that the definition *536 makes no reference to any other taxes, such as gross income taxes, which might have been personally owed by the decedent? The purpose of the provisions of the Order Limiting Creditors “is to provide a procedure by which-the personal representative of the decedent can make an orderly determination of estate’s liabilities and assets so that a speedy settlement of the estate may be achieved” Pitale v. Leroy Holding Co., supra, 65 N.J.Super. at 365-66,167 A.2d 828 (Citations omitted, emphasis added).
This objective is not achieved if after following those procedures the executor is held personally liable for taxes in an earlier estate not assessed until more than the statutory six months, and in this case three years, after the entry of the Order Limiting Creditors. To hold executors to that liability would force prudent estate fiduciaries to keep estates of decedents dying before July 1, 1993, open for fifteen years and for those dying thereafter for four years, the term of the state’s transfer inheritance tax lien. This is not speedy.
The court holds, that an executor of an estate will be relieved of personal liability for transfer inheritance taxes owed by the decedent in her capacity as beneficiary or estate fiduciary of a prior estate, if the tax is not assessed until more than six months after the entry of an Order Limiting Creditors and has not been assessed until after the distribution of all of the estate’s assets. To hold otherwise would do violence to the important protection of estate fiduciaries and to the statutory policy of encouraging the speedy administration of estates which is fostered by the provision of N.J.S.A 3B:22-4 and -9.
Nothing in this opinion precludes the Director from seeking the taxes from the estate of Ruth Satchwell (all of whose assets have been distributed), the beneficiaries of her estate (in whose hands her estate’s assets have come to rest), or others (through whose hands her estate’s assets may have passed).
Plaintiffs motion is granted; defendant’s motion is denied. Judgment will be entered canceling the Director’s assessment against Mr. Coleman. To the extent that assessments have been made against the estate of Ruth Satchwell or the beneficiaries of *537 that estate, they will not be disturbed. Plaintiff will prepare an appropriate judgment under the five day rule. R. 4:42-1.

 Transfers to spouses are not subject to transfer inheritance tax; transfers to sisters are. N.J.S.A. 54:34-2. Under N.J.A.C. 18:26-11.1 a bank may not transfer assets to a sister without a waiver from the Director of the Division of Taxation; however, a transfer to a spouse does not require a Director's waiver. N.J.A.C. 18:26-11.1(c).

 For decedents dying after July 1, 1993, the lien period is four years.